122 So.2d 237 (1960)
Chester E. WHITTLE, Appellant,
v.
William N. ELLIS, Appellee.
No. 1694.
District Court of Appeal of Florida. Second District.
July 20, 1960.
*238 Heskin A. Whittaker, Orlando, for appellant.
H.M. Voorhis, of Maguire, Voorhis & Wells, Orlando, for appellee.
KANNER, Acting Chief Judge.
William N. Ellis filed a bill in equity for an accounting and settlement of affairs against Chester E. Whittle, with whom he had been associated in the practice of law. The court, on consideration of Whittle's motion for summary decree, found that a fiduciary relationship had existed between those two and that Ellis was entitled to an accounting; and the court thereupon denied the motion for summary decree. Whittle appeals from that interlocutory order.
Primarily, Whittle urges that there is no basis for an equitable accounting and that in addition, even if Ellis were entitled to an accounting, then the order so finding should have been limited and defined as to the scope of the accounting to be rendered.
We shall first consider whether there existed between the two men a confidential or fiduciary relationship. Their professional association began in 1946, when, following World War II, Whittle started practicing law, occupying together with Ellis the offices where the latter had practiced as an established attorney for many years. The joint nature of this association lay at first within the fact that the two shared payment of rental and secretarial expenses. Later, in 1950, under arrangements made by Whittle, the law offices were removed to the Florida National Bank Building in Orlando where the two shared the expenses named, together with other overhead, meanwhile practicing law, not as partners, but individually, each representing his own clients, collecting and retaining *239 fees from them. The name, Ellis & Whittle, was placed on the entrance door, on stationery and billheads used by both men, and in the telephone directory. The name, Ellis & Whittle, was listed in Martindale-Hubbell with an AV rating, although Whittle's rating was BV.
Subsequently, Whittle opened a bank account in the name of Ellis & Whittle, but only he was authorized to draw upon it, and Ellis did not learn of its existence until a considerable time thereafter. Books were kept by a certain employee who opened the mail, determined to whom checks received in payment of fees should be credited, and made the deposits. The books of account thus kept are now in Whittle's possession, and he has refused to allow Ellis to examine them.
In May, 1955, Ellis, becoming ill, withdrew from active practice and was thereafter able to do virtually no work, although he later went occasionally to the office. The name of Ellis & Whittle continued in use until January 31, 1959. At the time he became ill, Ellis turned over to Whittle for completion of the legal work the Mace estate which he had been handling. Also, for many years, Ellis had been attorney for and a director of the Florida National Bank at Orlando and had represented the trust department of the Florida National Bank at Jacksonville with respect to many local probate matters. These two banks continued to refer work to Ellis & Whittle, and orders of the probate court allowing fees ran to Ellis & Whittle. Deposits were made in the account of Ellis & Whittle. For a time, Ellis continued to be held liable for rent and secretarial expense. All of the papers in litigation and in estates were filed in the name of Ellis & Whittle prior to January 31, 1959. Whittle sent out announcements of dissolution of the firm effective January 31, 1959.
The parties have not been able to agree on the amount of fees to which Ellis is entitled nor on the different estates and other legal work as to which he may claim fees. The evidence conflicts as to agreements concerning both the amounts and the extent of Ellis' claims. Not in conflict, however, is Ellis' claim that he is entitled to a fee in some amount with respect to the Mace estate and to another, the Stewart estate. Whittle admits, although this conflicts with Ellis' version, that he at one time did agree to split the ordinary fee in the Mace estate, with Ellis taking 60%, this being an estate which eventually returned fees to Whittle, ordinary and extraordinary, of more than $16,000, none of which has ever been received by Ellis. Also, Whittle admits that at one time he agreed to a 50-50 split of the fee in the Stewart estate, which ultimately returned a fee to Whittle in excess of $5,000, none of which has been paid to Ellis. Whittle further admits there was an agreement whereby Ellis was to receive part of the fees in estates where Ellis had prepared the wills and which were thereafter filed for probate, but Whittle retains the accounts showing fees from these estates, if there were any. Whittle, on the other hand, contends that he is due a reasonable amount for services performed on cases wherein Ellis collected the fees. He claims that he or his paid associates did the work and that the bank deposits consisted solely of fees realized from his own practice, except as to the above named estates. There are disputes also as to rent and secretarial salary.
Under the provisions of Rule 1.36 (c), Florida Rules of Civil Procedure, 30 F.S.A., a summary decree, interlocutory in character, may be rendered on the issue of liablity alone, even though there are genuine issues as to the amount of damages. Also, subsection (d) of the rule, dealing with a case not fully adjudicated on motion for summary decree, contemplates that an order may be entered as to factual matters that appear without substantial controversy.
In Florida, as indicated in the case of Quinn v. Phipps, 1927, 93 Fla. 805, 113 So. 419, 420, 54 A.L.R. 1173, the term "fiduciary *240 or confidential relation" is recognized as being very broad. The inception of the confidence is immaterial. It embraces both technical fiduciary relations and those informal relations which exist wherever one man trusts in and relies upon another. In other words, it exists where one person reposes confidence and the other person accepts the trust. In the Quinn case, the Supreme Court clearly enunciated the characteristics of a confidential or fiduciary relationship necessary to form a predicate for relief. It was thus expressed by the court:
"The relation and duties involved need not be legal; they may be moral, social domestic or personal. If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other, or where confidence has been acquired and abused), that is sufficient as a predicate for relief."
The evidence shows without dispute that there was some sort of working agreement or agreements between the parties as to some phases of the law practice in which they were associated. The books of account are in Whittle's possession. There is the admission of some liability on the part of Whittle, and there are facts without substantial controversy which are adequate to uphold the chancellor's determination that a fiduciary or confidential relationship existed between Ellis and Whittle and that Ellis was entitled to an accounting.
As to Whittle's contention that the scope of the accounting is unlimited, the correct procedure is for a court to determine the initial question of a plaintiff's right to an accounting. The actual accounting then follows if the finding is in favor of the plaintiff upon the preliminary issue. Manning v. Clark, Fla. 1952, 56 So.2d 521; and Cooper v. Fulton, Fla.App. 1959, 107 So.2d 798.
The chancellor determined only that a confidential or fiduciary relationship existed and that Ellis was entitled to an accounting. He did not determine the scope and the extent of the accounting. To have done this would have been premature, since this is a matter to be presented for determination after adjudication that an accounting should be had.
Affirmed.
SHANNON, J., and SMITH, CULVER, Associate Judge, concur.