BARKDULL, Judge.
Appellants, defendants in the trial court, appeal from an adverse final order in a chancery action upholding a contingent fee agreement and requiring payment thereunder.
The principal question involved in this cause is the validity of a written contingent fee agreement entered into between the ap-pellees as accountants for the appellants. The appellants are Cuban nationals who fled Cuba in 1960 as a result of the Castro takeover, and established residence in this country. .In connection with their affairs in this country, they had employed the accounting firm to handle various aspects of their income tax reports with the Federal Government. In 1964, the accountants were requested by the appellants or their agent to render an opinion as to whether or not the appellants could offset, against income earned in the United States, losses sustained in Cuba as a result of expropriation of property [both business and personal] by the Cuban Government. This opinion was requested in addition to other work that was being performed by the accountants for the appellants. Following a review of the problem and the applicable laws, regulations, and decisions thereto pertaining, the accountants rendered an opinion that there was a possibility of recovery if the claim loss could be established, bearing in mind the problem of having to use secondary evidence to establish the value and the problem incident as to whether the loss was a personal casualty loss or a business loss. They were unable to advise as to which level of the Internal Revenue Service or the courts they would have to resort to in order to establish the allowable loss. They rendered a statement for $1,500.00 for preparing this opinion.
The appellant, Severiano Jorge, was concerned about this fee and the amount of any fees that would be due for prosecuting the claim and any litigation that might be involved, particularly in view of the fact that he had just experienced five years of protracted litigation on the west coast, and he was not desirous of incurring expenses if he did not receive any benefits. It was therefore suggested that a contingent fee agreement be entered into, which agreement was ultimately prepared by counsel for the appellants and signed in his office. By their execution of the agreement, the accountants waived their claim for $1,500.00 for services rendered in rendering their opinion in respect to the expropriation. The agreement, in part, read as follows:
* * *
“3. Herris & Rosen will render all necessary services for the prosecution of said claims through the administrative procedures of the Treasury Department, in consideration of which the Jorges agree to pay them a sum equal to 20% of any money refunded to the Jorges as the result of the filing and prosecution of claims for refund for the years 1960, 1961, *646 1962 and 1963 on taxes which were paid or to be paid by the Jorges by April 15, 1964 and 20% of the amount which the Jorges may receive as a credit on future Federal Income Taxes as a result of services performed by Herris & Rosen in establishing the losses for which the above mentioned claims for refund are filed and which losses may be carried forward by the Jorges to future tax returns resulting in benefits which are presently undeterminable. This sum shall constitute full compensation for all services rendered and to be rendered herein.”
Thereafter, the claim for loss was filed and ultimately allowed by the Federal Government to the extent of $1,550,000.00. During the interval between the filing of the claim and the ultimate allowance of same, the Internal Revenue Code was changed and recognized such expropriation losses as valid deductions. § 165, Internal Revenue Code of 1954, as amended by Public Law 88-348, 88 Congress 2nd Sess., approved June 30, 1964, 78 Stat. 237.
Upon the receipt of the refund, the appellants paid the appellees 20% of the tax saved, in accordance with the terms of the contract. As a result of the establishment of the loss, the appellants saved certain Federal Income taxes on their returns for the years 1964 and 1965. The payment of 20% of the savings having been refused following a demand, the appellees instituted the instant action seeking to establish the validity of the contract and to collect the monies due for the years 1964 and 1965. The appellants filed an answer and counterclaim seeking a declaration that the contract was void and for the return of monies already paid in excess of a reasonable fee. Following issue being joined, the matter came on for final hearing. The chancellor found the agreement to be a valid and binding contract, and ordered payment thereunder and established that the appellees were entitled to recover, in the future, 20% of the amount of any Federal Income taxes saved by the appellants as a result of the establishment of the expropriation loss. This appeal ensued. The appellants have preserved several points for review, raising the question of the fiduciary relationship between the parties and the burden of proof in connection therewith; the reasonableness of the contingency fee provided in the agreement; and, lastly, that the agreement was unenforceable because of an Internal Revenue Service regulation.
We find that the parties were in a fiduciary relationship [See: Bolles v. O’Brien, 63 Fla. 342, 59 So. 133; Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. 699; Whittle v. Ellis, Fla.App.1960, 122 So.2d 237, 81 A.L.R.2d 1415; Cafritz v. Corporation Audit Co., Dist.Ct. of D.C.1945, 60 F.Supp. 627; Gammel v. Earnest & Earnest, 245 Minn. 249, 72 N.W.2d 364; 1 Am.Jur. 2d Accounts, §§ 15, 18; 3 F.L.P., Certified Public Accountants, § 21], but we find that the appellants did not rely wholly on the appellees in entering into the agreement because they sought independent counsel and advice. In re Duntley, 7th Cir. 1917, 227 F. 381; Barnum v. Fay, 320 Mass. 177, 69 N.E.2nd 470; 7 C.J.S. Attorney and Client § 127b (4). However, we have examined the agreement as to its reasonableness at the time of execution [Youngblood v. Higgins, 146 Cal.App.2d 350, 303 P.2d 637; Jones v. Jones, 333 Mo. 478, 63 S.W.2d 146, 90 A.L.R. 219; Murphey v. Dalton, S.Ct. Mo.1958, 314 S.W.2d 726, 67 A.L.R.2d 1278; 7 Am.Jur.2d, Attorneys at Law, § 215], particularly in light of the appellants’ own expert who testified relative to the “complex question” involved in establishing an expropriation loss in April, 1964, which would cover business losses as well as casualty or personal losses, and find same to be reasonable under all the circumstances. Hartford Fire Insurance Company v. Brown, 60 Fla. 83, 53 So. 838.
At the conclusion of the final hearing, in which the evidence was adduced by both sides and after both sides had rested, the matter came on for final argument before the chancellor following which he took the matter under advisement. Thereafter, *647 counsel for the appellants addressed a letter to the court with copies to opposing counsel, calling the court’s attention to a regulation of the Treasury Department in effect in April, 1964, which reads as follows:

“(h) Contingent fees. An enrolled attorney or agent shall not enter into a wholly contingent fee agreement with a client for representation in any matter before the Internal Revenue Service unless the client is financially unable’ to pay a reasonable fee on any other terms. Partially contingent fee agreements are permissible where provision is made for the payment of a minimum, substantial in relation to the possible maximum fee, which minimum fee is to be paid and retained irrespective of the outcome of the proceeding.”
The chancellor then rendered the final order under review. A petition for rehearing was filed, again calling to the attention of the court the regulation of the Treasury Department relative to contingent fees, which petition was denied and this appeal ensued.
We find the regulation not to be controlling in the instant case for several reasons. First, the matter was not pleaded nor brought to the trial court’s attention by appropriate pleadings. Aboandandolo v. Vonella, Fla.1956, 88 So.2d 282; Miller v. Schulman, Fla.App.1960, 122 So.2d 589. Second, the case was not tried nor evidence presented which would go to the validity or invalidity of a contingent fee agreement under this regulation. Next, the regulation itself was repealed prior to the institution of the instant action and, although this matter might not be controlling in all instances where a statute or regulation is repealed which had prohibited a matter, it appears that at most the regulation would have made the agreement voidable; and if voidable, its provisions could be waived by the failure to plead. Coe v. Muller, 74 Fla. 399, 77 So. 88; Clark v. Grey, 101 Fla. 1058, 132 So. 832; Robert & Company, Inc., v. Mortland, 160 Fla. 125, 33 So.2d 732; Dicks v. Colonial Finance Corporation, Fla.1956, 85 So.2d 874; Fink v. Powsner, Fla.App.1958, 108 So.2d 324; 25 Fla.Jur., Pleadings, § 78; Rule 1.110(d), Florida Rules of Civil Procedure, 30 F.S.A. (1967 Amend.).
The regulation, per se, did not make such agreements void. Therefore, the authorities which relate to void contracts are not applicable. Even if we should hold that the regulation was properly before the chancellor, it would be necessary for evidence to be taken to determine whether the circumstances at the time of the entry into the contingent fee agreement were such that the taxpayer could pay a reasonable fee on any other terms, bearing in mind that so far as this record shows no such expropriation loss had been permitted for business losses prior to the date of the contract. Even if the right to claim the losses were established, there was no assurance as to the amount which would be allowed. Further, unless the taxpayer earned income in the United States which was taxable, the establishment of the loss claim would not result in any saving to the taxpayer. Further, even if the agreement were held to be void, the chancellor would have to take evidence as to a reasonable fee based on a quantum meruit basis.
We find no error in the chancellor failing to consider the regulation, which was not properly pleaded, untimely brought to the attention of the court; and there was no evidence in the record to indicate that it would be applicable in the instant cause.
Therefore, for the reasons stated above, the final order here under review be and the same is hereby affirmed.
Affirmed.
CARROLL, C. J., dissents.