Virgil **BOWMAN**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

As Modified on Denial of Rehearing
March 28, 1969.

R. Coleman Endicott, O'Shaughnessy & Endicott, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

*Appellant was convicted of conversion,* denounced by KRS 434.220, and his punishment fixed at two years in the penitentiary. He asserts numerous grounds for reversal.

About 5:00 o'clock one afternoon appellant appeared at a used-car lot and expressed an interest in purchasing an automobile. He selected a 1962 Pontiac and told the salesman he wished to test drive it. According to the evidence, the owner of the automobile has not seen it since. Appellant's evidence is that he picked up a friend, had trouble on the road, purchased a new battery and tire, and did not get back to the used-car lot until 9:00 p. m. The lot was closed. Appellant testified he wrote a note explaining what had happened and placed the note and car keys under the door of an office on the premises. He also said he returned the next day and was given back a deposit of $100 which he had left with a salesman. The deposit and its return were both denied.

The first contention is that there could be no conviction under KRS 434.220 because the Commonwealth failed to prove a *fiduciary relationship.* The statute provides a criminal penalty for:

"Any person who sells, disposes of or converts to his own use or the use of another, any money, property or other thing of value without the consent of the owner * * *."

In Commonwealth v. Barney, 115 Ky. 475, 74 S.W. 181, this statute was construed to require a fiduciary relationship and a fraudulent intent. Under this statute, such relationship is simply one of confidence and trust. See Commonwealth v. Shilladay, 311 Ky. 478, 224 S.W.2d 685; Whittle v. Ellis, Fla., 122 So.2d 237, 81 A.L.R.2d 1415. A fiduciary relationship is created when one loans his property to another. Certainly the salesman in the present case reposed trust and confidence in appellant to return this property within a reasonable time when he was allowed to take it off the lot.

It is next contended the court erred in permitting the Commonwealth to prove the value of the property after the case was closed. This was not an abuse of discretion. See Montgomery v. Commonwealth, Ky., 262 S.W.2d 475.

It is next contended the Commonwealth failed to prove that appellant intended to convert the property to his own use or that he did so, or that the conversion occurred in Fayette County. The automobile was taken in Fayette County and, according to the Commonwealth's evidence, it was never returned. There was amply sufficient evidence from which a jury could find a conversion in Fayette County and an intent to convert.

It is next contended that since there is another statute, KRS 434.040, covering the crime of conversion of an automobile, appellant could not be prosecuted under the more general statute, KRS 434.220. The penalty under both statutes is the same and the grand jury could elect to indict under either one. Taylor v. Commonwealth, Ky., 384 S.W.2d 333; Davidson v. Commonwealth, Ky., 436 S.W.2d 495.

Appellant argues that the trial court failed "to instruct on the whole law of the case". In the light of the conclusions heretofore reached in this opinion, we find no merit in this contention.

It is finally contended that a witness for the Commonwealth twice injected incompetent evidence in his testimony. Objection to these remarks was sustained and the trial court carefully admonished the jury. No motion was made for a mistrial. Under the circumstances there was no prejudicial error. Taylor v. Commonwealth, Ky., 386 S.W.2d 716, and Fanelli v. Commonwealth, Ky., 418 S.W.2d 740.

The judgment is affirmed.

All concur.