**Arthur Keller WICKWARE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feh. 14, 1969.

Rehearing Denied Sept. 26, 1969.

Joe B. Campbell, Jerry L. Moore, Bell, Orr & Reynolds, James H. Lucas, Harlin Parker, Ricketts, Lucas & English, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Arthur Keller Wickware has been convicted of the offense of detaining a woman against her will with intent to have carnal knowledge of her as denounced by KRS 435.110. His punishment was fixed by the jury at imprisonment for seven years, the maximum sentence for the offense. On this appeal he presents these alleged errors: (1) The court should have quashed the indictment; (2) the court should have permitted a pretrial discovery deposition of the prosecutrix; (3) the pretrial identification of appellant was so conducted as to violate his substantial rights; (4) the in-court identifications of appellant were the fruits of prior illegality or prejudicial identification procedure; (5) the court erred in permitting rebuttal testimony which should have been introduced in chief; and (6) prejudicially erroneous argument was made to the jury by the Commonwealth's attorney.

According to the prosecution's evidence, the defendant appeared at the residence of the prosecutrix, a twelve-year-old girl, about 2 p. m. and inquired of her whether he could get a job raking leaves. Upon learning that she was at home alone, the defendant went into the house, took the girl into the bathroom, and undertook to have sexual relations with her. The medical evidence indicated that no penetration had been accomplished. Immediately after the incident, the child telephoned her mother who was at work in Franklin to tell her of the distressing situation. The mother went immediately for the child and took her to two doctors in Franklin for examination. The child gave a somewhat general description of her assailant, and the mother communicated with the sheriff of Simpson County to report the incident shortly after it occurred. The sheriff telephoned the information to the police of the City of Franklin. The sheriff related to the police the general description which he had obtained. Upon hearing that description, which included the fact that the suspect had ridden a bicycle to the prosecutrix' home, a Franklin policeman deduced and suggested that the crime had been perpetrated by the present appellant.

The police officer was employed in a photographic studio in Franklin and testified that the appellant had had photographs of himself made at the studio and that he had seen appellant in the studio on the day of the crime. The officer, with the chief of his department, reported to the sheriff, an uncle by marriage of the mother of the prosecutrix, the suspicion that appellant was the assailant. Some pictures of appellant. were obtained from the studio, and the officers exhibited them to the prosecutrix at her home on the afternoon of the offense. She identified appellant as her assailant after viewing the pictures. No other picture was shown to the prosecutrix then or at any other time with a view to having her make an identification. Acting on her identification, the officers arrested appellant and promptly took him before the Simpson County Judge. The county judge appointed counsel for appellant, who waived examining trial. An indictment charging appellant with rape was returned within less than a month after the date of the offense.

Before a change of venue was granted from Simpson to Warren County, the judge of the Simpson Circuit Court appointed attorneys from Bowling Green to represent appellant in lieu of the attorney from Franklin who had been appointed for him by the judge of the Simpson County Court. The newly appointed attorneys moved the Simpson Circuit Court to grant them permission to take the depositions of the prosecutrix and the two doctors who had examined her. They based their contention in the trial court, and now base their claim of error here, on the premise that the waiver of an examining trial by the first court-appointed attorney effectively deprived appellant of certain discovery advantages which might have inured to him from requiring the Commonwealth to present a prima-facie case in order to bind him over to the grand jury. There was no stenographic report made of the proceedings before the grand jury so that no transcript of those proceedings was available as envisioned by RCr 5.16(2). The Commonwealth's attorney agreed for the appellant's newly appointed attorneys to take the depositions of the two doctors and also furnished to the attorneys a résumé of the evidence heard before the grand jury and the prosecutrix' version of the affair. When this showing was made to the judge of the Simpson Circuit Court, he denied appellant's motion to be permitted to take the child's deposition. There is no provision for this type of discovery in our criminal rules. Even if the indictment had been quashed as requested by appellant, in proper circumstances another grand jury could have returned another indictment without affording an examining trial. We are unable to perceive any error in the court's denial of the motion to quash the indictment. Even if it could be regarded as error, it could not have been prejudicial

in view of the disclosures and deposition opportunities afforded appellant. In fact, appellant's Bowling Green attorneys did take the depositions of the two doctors before trial.

■ The second assignment of error relating to the refusal of the circuit judge to permit the taking of the deposition of the prosecutrix has already been discussed, and we find no merit in appellant's contention.

■ The third and fourth assignments of error are interrelated. Appellant contends that the presentation of his photographs to the prosecutrix by the law enforcement officers amounted to an illegal suggestion by the officers to her that the appellant was her assailant. It is urged by appellant that the exhibition of appellant's picture unaccompanied by other photographs was equivalent to an assurance by the officers that they believed appellant to be the guilty person. It is reasoned from all this that appellant's pretrial identification was tainted with illegality and that her in-court identification of appellant was nothing more than a reaffirmation of the identification which she had already made under irregular conditions. In support of these points, appellant relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; Palmer v. Peyton, 359 F.2d 199, 201; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, and Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. We do not regard those decisions as apposite here. In Wade, the Supreme Court held that a post-indictment lineup is a critical prosecutive stage at which the accused is entitled to the aid of counsel. In Wade, the Supreme Court remanded the proceedings for a determination of whether the in-court identifications were based on sources independent of the post-indictment lineup identifications. We do not have that situation here. When the photographs of appellant were exhibited to the prosecutrix, appellant was not under arrest and, of course, was not in custody.

The exhibition of the photographs was a part of the investigative procedure looking toward discovery of the culprit and his apprehension. We do not regard the pronouncements in the cited cases as supporting the propositions urged by appellant as they relate to the pretrial identification or the in-court identification. The circumstances surrounding the identification were unfolded before the jury, and the jury had the duty to weigh those circumstances as they may have affected her credibility, but there was nothing in those circumstances which violated any constitutional guaranty vouchsafed to the appellant.

■ A neighbor of the prosecutrix testified that he saw appellant enter the home of the prosecutrix. He described appellant's having approached on a bicycle and made reference to his attire, which coincided generally with the other descriptive data. The witness then made an in-court identification of appellant. Appellant argues that this witness' opportunity for observation was so brief and from such a distance (about 150 feet) as to utterly destroy the credibility of the witness. Appellant urges that his motion to strike the entire testimony of this witness should have been sustained. We are not so persuaded. The credibility of this witness was a matter which addressed itself to the jury, and his testimony was not so incredible as to warrant its being stricken from the record.

■ As previously mentioned, the prosecutrix had related that the appellant first sought employment to rake leaves. When appellant testified, he denied that he had ever sought employment to rake leaves from anyone. After appellant closed his case, the Commonwealth presented a rebuttal witness who testified that on the day of the crime the appellant sought leaf-raking employment from the witness. When appellant was cross-examined, he was specifically asked whether he had sought such employment from the witness who later testified in rebuttal. He denied that he had. RCr 9.42(5), in outlining the order of proceeding in a criminal trial, authoriz-

es the introduction of rebuttal evidence. In our view the evidence offered was proper rebuttal, and in the circumstances of the present case was not merely rebuttal relating to an immaterial or collateral matter. In any event, it was not an abuse of discretion to admit the evidence after appellant had closed his case. Cf. Bowman v. Commonwealth, Ky., 438 S.W.2d 488 (decided December 13, 1968); Montgomery v. Commonwealth, Ky., 262 S.W.2d 475.

In his closing argument, the Commonwealth's attorney said in part: "Franklin is a small town, and I dare say that any time anything serious happens there and the Sheriff gets any kind of description of a man * * * he has an idea of who it might be * * * he had certain information and a certain description, and to his mind it brought a name, * * *." The appellant's timely objection to this comment was overruled. The record discloses that the recitation of the description did not bring appellant's name to the mind of the *sheriff* but rather that it did to the police officer who had testified. To this extent the quoted argument was a slightly erroneous recitation of the evidence. Nevertheless, the jury had heard the evidence, and it cannot be supposed that it was misled into believing that the prosecuting attorney was suggesting that the sheriff had thought of appellant instead of the police officer. In our view the argument rested upon a reasonable deduction from the evidence presented, and we find no error in it and no merit in appellant's contention that there was.

The judgment is affirmed.

All concur.