338 So.2d 1332 (1976)
Lisa Lawrence BUSOT, Appellant,
v.
Florencio Otto BUSOT, Appellee.
No. 76-13.
District Court of Appeal of Florida, Second District.
November 17, 1976.
*1333 Michael R.N. McDonnell of Brown, Pelham, McDonnell & Hart, Tallahassee, for appellant.
Archie M. Odom, of Farr, Farr, Haymans, Moseley & Odom, Punta Gorda, for appellee.
SCHEB, Judge.
On grounds of public policy the trial court refused to enforce the support provisions of a separation agreement entered into in 1969 by a husband and wife in Pennsylvania. We reverse.
Appellant is the ex-wife of appellee, these parties having been divorced in Pennsylvania subsequent to the time they entered into the agreement which appellant sought to enforce. Herein we refer to the appellant as the wife and to the appellee as the husband.
The parties were married in Georgia in 1964, and lived in Florida thereafter until the husband graduated from college. Shortly after the husband obtained his college degree, they became residents of Pennsylvania. Two children were born of the marriage. The husband has been a stockbroker for the past several years. Recently his salary was increased to $33,000 per year.
On May 21, 1969, in consequence of their marital difficulties, the husband and wife entered into an Agreement of Separation, Custody and Support. In addition to settling their property rights and vesting custody of their minor children, ages 3 and 4, with the wife, the agreement required the husband to pay $600 per month to the wife for support of herself and the two children. The following day they signed an addendum to provide that the agreement would survive their contemplated divorce. After signing the agreement, they separated. There is a conflict as to just when the actual separation occurred, but the evidence suggests it happened a week or so after the agreement was signed. Prior to their separation, they continued to cohabit and even subsequent to their separation, there were sexual relations between them on a few occasions while they made some attempts at reconciliation. No reconciliation was achieved and, in fact, a divorce was granted in Pennsylvania on December 17, 1969, the decree being silent in respect to the agreement previously signed by the parties.
Eventually, the wife moved to Florida and in 1973, she sued the husband for breach of contract, claiming he was delinquent in making required support payments. The husband set up ten different affirmative defenses. Upon hearing, the trial judge found the agreement to be valid and the husband to be in arrears. The court entered a judgment in the amount of $20,200, plus costs, in favor of the wife on July 17, 1975. A rehearing was granted on December 17, 1975, wherein the court:
"ORDERED AND ADJUDGED that said Motion for Rehearing is well taken for the following reason:
The parties to this action entered into a separation agreement which has given rise to this litigation on May 21, 1969. At the time the parties entered into this agreement they were living together as husband and wife. They continued to live together as husband and wife until at least fall of the same year at which time they did in fact separate. There is also evidence of an attempted reconciliation and further separation of the parties. Due to the foregoing circumstances the agreement is void and unenforceable in the State of Florida because it violates the public policy of this State.
The Court further finds that it has jurisdiction of the parties and that the Defendant is obligated to support the minor children of the Plaintiff and the Defendant. It is therefore, ORDERED AND ADJUDGED.
.....
2. The Final Judgment entered by this Court on the 17th day of July, A.D., 1975, be and the same is hereby vacated and that this Amended Judgment shall *1334 become the Judgment of the Court in these proceedings.
.....
4. The Court does have jurisdiction of the parties to this cause and their minor children and as a consequence thereof:
A. The Defendant shall pay to the Plaintiff the sum of $300 per month effective November 17, 1973 for the care and support of the minor children of the parties until same reach their majority."
Thus, the trial judge reasoned that since the separation agreement was entered into while the parties were living together as husband and wife with attempts made at reconciliation subsequent to the agreement, the agreement violated the public policy of this state.
First, we note that there was no plea among the husband's ten affirmative defenses to the effect that the agreement was void or contrary to public policy for the reasons stated. Of course, if the agreement had been one which was void on its face, the court could have refused to enforce it even though that defense was not pled. Escambia Land & Mfg. Co. v. Ferry Pass Inspectors & Shippers Assoc., 59 Fla. 239, 52 So. 715 (1910). But, where as here, the agreement appears on its face to be valid, the defense of illegality must be alleged and proved. Lee v. Clearwater Growers Assoc., 93 Fla. 214, 111 So. 722 (1927); Robert & Co. v. Mortland, 160 Fla. 125, 33 So.2d 732 (1948); Jorge v. Rosen, 208 So.2d 644 (Fla. 3d DCA 1968). True, there was mention of illegality in one of the husband's affirmative defenses but it was only directed to the contention that the provisions of the separation agreement encouraged divorce. That defense was properly rejected by the trial court. Any defense relating to the fact that the agreement was unenforceable because the parties were not separated was waived by the husband since it was not pled. B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971). The mere mention without objection of the time and circumstances of the separation was insufficient to establish a trial by consent on this issue.
The trial court, in its order on rehearing, also mentions attempts of the parties at reconciliation. The evidence on this point reveals that approximately a week after the agreement was signed, the wife moved from the matrimonial domicile in Scranton, Pennsylvania, to live with her parents in Oil City, Pennsylvania. While there, she was visited by her husband prior to finalization of the divorce proceedings and during these times the parties occupied the same bedroom on some occasions. Admittedly, sexual relations occurred between them. There is a conflict in the testimony as to the last time the parties cohabited, with the wife contending it was in July 1969, and the husband concluding, although somewhat indefinitely, the final break up occurred perhaps a little later than September 1969. Clearly, some attempts were made during this period to prevent the marriage from ending in divorce; however, the husband, who complied with the agreement for an extended period, did not plead reconciliation as one of his affirmative defenses. And, as pointed out above, this resulted in a waiver unless that issue was tried by consent of the parties. During the trial, the wife's attorney objected to questioning dealing with attempts at reconciliation as being outside the issues. Evidence relevant to attempts at reconciliation was admitted, the trial court apparently having concluded such evidence to be probative on the issue of whether the agreement was executed under emotional strain and duress, as affirmatively pled by the husband. We cannot see how this would constitute a trial of the reconciliation issue by consent, but even if it did, the evidence was insufficient to establish that the parties reconciled their differences and resumed normal marital relations as would necessarily cause an abrogation of the agreement. We are aware of Weeks v. Weeks, 143 Fla. 686, 197 So. 393 (1940), where the court held that a true reconciliation and resumption of marriage relations would abrogate a settlement agreement between spouses. The facts in Weeks showed such a reconciliation. The facts here do not. Obviously, reconciliation requires an intention of the parties to reconcile *1335 and this requires more than some occasional post-separation sexual experiences. Cf. Smith v. Smith, 322 So.2d 580 (Fla. 2d DCA 1975).
We hold, therefore, the trial court erred in holding the agreement entered into between these parties was void and unenforceable in the State of Florida. Accordingly, we vacate the amended final judgment entered on December 17, 1975, and reinstate the final judgment entered on July 17, 1975. This action is without prejudice to either party seeking modification of the separation thereof upon proper showing before the trial court.
Reversed.
McNULTY, C.J., and GRIMES, J., concur.