LILES, WOODIE A. (Retired), Associate Judge.
These parties were married the first time in 1954 and were subsequently divorced in 1978. In connection with the dissolution of marriage proceedings, they entered into an agreement which, among other things, provided that the Husband would pay to the Wife $400.00 per month as a financial settlement during her lifetime or until she remarried. He continued to make those payments until they were remarried on March 29, 1979. Before that marriage occurred, however, they entered into a prenuptial agreement which stated, among other things, that should this marriage end in separation or divorce, they would revert to the financial agreement previously entered into and incorporated into that final judgment. The second marriage, after a brief period of time, also ended in dissolution. The Husband first filed a petition, and the Wife filed a counter petition. At the conclusion of the hearing, the trial judge set aside the previous agreement as a result of the first divorce as well as the prenuptial agreement prior to the second marriage and awarded the Wife $250.00 per month as support. The trial court specifically found that the parties’ earlier agreements were not enforceable because it appeared that the second marriage was based upon and induced by misleading representations on both sides.
The Wife now appeals, urging that the trial court erred in hearing testimony that the separation agreement and prenuptial agreement were unenforceable because the Husband had not pleaded either as a defense, and that the trial judge further erred in finding that both agreements were unenforceable. The Wife sought enforcement of the first agreement, which was a part of the first final judgment, and the second agreement.
We believe the trial judge did in fact commit reversible error and, therefore, reverse. First, the case law is clear that, under Florida Rule of Civil Procedure 1.110(e): “Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.” In Busot v. Busot, 338 So.2d 1332 (Fla. 2nd DCA 1976), the court said: “If the agreement had been one which was void on its face, the court could have refused to enforce it even though the defense was not pled.” The Husband failed to plead the defense of illegality of the agreements; to the contrary, he included the agreements as exhibits in his petition for dissolution. He did not set them up as a defense and did not prove they were illegal. Therefore, since they were valid on their face, the court erred in ruling them unenforceable. See B. B. S. v. R. C. B., 252 So.2d 837 (Fla. 2nd DCA 1971).
There was uncorroborated testimony by the Husband that the remarriage was solely for business reasons and that the Wife had represented to him that an inheritance from a former husband’s estate, half of which was Appellee’s by virtue of the order dissolving the parties’ initial marriage, would be facilitated by her remarriage to Mr. Veiock. The Wife denied that this was true, and her testimony was corroborated by another witness. Even if we assume that the trial judge did and should have believed the Husband’s testimony, that does not vitiate the agreement which the parties had entered into. There must have been a showing in clear and convincing evidence that the agreement itself was *795 based on overreaching, fraud, coercion, deceit, or duress. See Byrd v. Byrd, 324 So.2d 659 (Fla. 2nd DCA 1976); Bare v. Bare, 120 So.2d 186 (Fla. 3rd DCA 1960); Cowen v. Cowen, 95 So.2d 584 (Fla.1957); Miller v. Miller, 7 So.2d 9 (Fla.1942). Appellant may have deceived Appellee into marrying her again, but he did not allege fraud or duress as a ground for dissolving the marriage. The relevant cases all dealt with the grounds for invalidating an antenuptial or post-nuptial agreement; none of them threw out the marriage along with the agreement. E. g., Potter v. Collin, 321 So.2d 128 (Fla. 4th DCA 1975); Pemelman v. Pemelman, 186 So.2d 552 (Fla. 2nd DCA 1966); Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla.1962). Appellant simply presented no evidence that he was tricked into signing the agreement. In fact, when he signed it, he knew that if the second marriage should be terminated, he would merely be obligated to do what he was already obligated to do under the terms of the first dissolution decree.
We reverse the trial court’s judgment with directions to enter an order enforcing the prenuptial agreement, the terms of which are contained in the first final judgment of dissolution and require the Husband to pay the Wife $400.00 per month as support. In reversing, we suggest the caveat set forth in Busot v. Busot, supra, as well as in Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976), that if the terms of the agreement are too burdensome, the Appel-lee may seek to have the agreement modified. The evidence here, however, does not support its unenforceability.
REVERSED AND REMANDED for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., and THOMPSON, JJ., concur.