412 So.2d 952 (1982)
Ralph E. PARIS, Appellant,
v.
Linda M. PARIS, Appellee.
No. AG-236.
District Court of Appeal of Florida, First District.
April 21, 1982.
Bill A. Corbin, Blountstown, for appellant.
Thomas B. Ingles, Lynn Haven, for appellee.
McCORD, Judge.
This is an appeal pursuant to Fla.R. App.P. 9.130(a)(5) from an interlocutory order setting aside an earlier final judgment of dissolution of marriage. We affirm.
One week after the entry of the initial final judgment, Linda M. Paris (Wife) filed a timely motion to set aside the final judgment, alleging that the settlement agreement was procured through "fraud, deceit, misrepresentation, duress and coercement" *953 and that she had not been provided "adequate representation by counsel."
At the hearing on the motion, the wife testified that she went to Jim Austin's (her husband's attorney) office for the purpose of signing the initial settlement agreement. However, she would not sign it at that time because she was upset and because she wanted some changes made. Four to five days later, with certain changes desired by the wife having been made, the wife returned to Austin's office to see the agreement but did not sign it there. Instead, she took the papers to another attorney, Mayo Johnston. Johnston, for his part, observed that at that meeting the wife was quite upset. Because she had expressed dissatisfaction with the agreement and because his law partner had represented both parties for many years, Johnston suggested that she get the advice of another attorney. Because she was upset and in disagreement with the settlement, Johnston asked her if there were some compelling reason for her to sign it. She indicated that there was, indeed, a problem, but he did not want to pursue the matter. However, he did observe that the agreement looked a little one-sided. She then returned to Austin's office. Upon being told of the meeting with Johnston, Austin contacted another attorney for the wife, Herbert Sapp, and walked across the street with her to his office. As a result of this visit, the wife signed the settlement agreement.
Her expressed reason for signing the agreement was that her husband had threatened her that if she did not sign the agreement, he would tell the couple's two minor children that one of their female cousins was, in fact, the wife's daughter from a previous marriage. This fact is, indeed, true. He also threatened to tell the children about her involvement with "a friend of ours and anything public that he could do to ruin what reputation I (wife) had." She also testified that her husband had said he would allow her to stay in the parties' marital domicile and that his will had not been changed.[1]
We agree with the husband's contention that there must be clear and convincing evidence of overreaching, fraud, coercion, deceit, or duress in order to set aside the final judgment. Veiock v. Veiock, 391 So.2d 793 (Fla. 1st DCA 1980). However, the action of a trial court in granting or denying a motion to open, modify, or vacate a judgment is ordinarily within the sound judicial discretion of that court. Hartley v. Hartley, 134 So.2d 281 (Fla.2d DCA 1961). On these facts, we cannot conclude that the trial judge abused his discretion in finding that the husband's acts amounted to duress and coercion.
The husband asserts that actionable duress cannot be predicated on the threat of an act which the person has the lawful right to do. Thus, he argues that if he did, in fact, threaten to inform the children of his wife's allegedly illicit affair or of another child from a previous marriage, he did have the lawful right to do so regardless of any moral obligation. We agree that there can be no duress without there being a threat to do some act which the threatening party has no legal right to do  some illegal exaction or some fraud or deception. See Fuller v. Roberts, 35 Fla. 110, 17 So. 359 (1895); Kohen v. H.S. Crocker Co., 260 F.2d 790 (5th Cir.1958); 25 Am.Jur.2d, Duress & Undue Influence, § 5. These principles, however, do not serve to encompass the husband's statements, for his threats could constitute extortion. See § 836.05, Fla. Stat. (1981):
Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property, or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with *954 intent thereby to extort money or any pecuniary advantage whatsoever, ... shall be guilty of a felony of the second degree... .
Surely, the husband's statements would constitute a threat of injury to the wife's reputation, expose her to disgrace, and expose a family secret, all for the purpose of securing the pecuniary advantage of a one-sided property settlement agreement. Thus, his putative statements constitute an illegal act sufficient to support a finding of duress and coercion.[2]
Husband also argues that the wife's access to attorneys prevents her from obtaining the relief sought. Ordinarily, the opportunity to consult an attorney is a factor for the court to consider and weigh along with other evidence in a case involving the allegation of duress. See Corporacion Peruana de Aeropuertos y Aviacion v. Boy, 180 So.2d 503 (Fla.2d DCA 1965). However, the mere fact that the wife had access to attorneys, when considered in light of the other factors involved in this case, does not necessarily defeat her claim. The record affirmatively demonstrates that any legal advice sought was of a temporary and minimal sort. Further, she stated that she did not wish to impart any information regarding the husband's threats to these attorneys because of that information's scandalous and private nature. As such, we find nothing unusual in her keeping this information to herself. In so doing, she deprived herself of a full and meaningful discussion with an attorney on the merits of her cause.
Considering these facts in the light most favorable to the trial court's ruling, as we are bound to do, we have no alternative but to affirm the trial court's setting aside of the earlier judgment of dissolution of marriage.
AFFIRMED.
ERVIN and SHAW, JJ., concur.
NOTES
[1] Her reason for subsequently attacking the final judgment was that her former spouse reneged on his promises and informed the parties' minor children of their half-sister and the wife's alleged affair.
[2] In reaching this conclusion this Court is not implying that the husband is guilty of the criminal act of extortion.