SANDRA D. HOFMANN, Petitioner-Appellee, *v.* ROGER WILLIAM HOFMANN *et al.*, Respondents-Appellants.

Third District   No. 3—83—0770

Opinion filed June 29, 1984.

Peter H. Lousberg, of Lousberg, McClean, Snyder & Schwarz, of Rock Island, for appellant.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This is the second appeal in this case. In 1979, the circuit court dissolved the parties' marriage and distributed the marital property. We reversed and were later reversed by the supreme court. The cause was remanded and the respondent, Roger Hofmann, appeals from the result on remand.

The trial court has entered a total of three orders in this case valuing and distributing the marital property. The primary controversy revolves around the marital or nonmarital status of two parcels of farmland known as the McManus Farm and the Sackville Farm. In order to fully understand the respondent's arguments, we will summarize the orders entered in this cause.

In October of 1979, the trial court entered an order which designated the following as marital property:

| | |
|---|---|
| Sackville Farm | $430,000 |
| Farm equipment | 51,000 |
| Corn | 19,000 |
| Arizona lot | 4,300 |
| | $504,300 |

| | |
|---|---|
| Petitioner's Share (30%) | $151,290 |

McManus Farm was found to be nonmarital property. Maintenance and attorney fees were not awarded to the petitioner.

After the 1979 order was appealed, the Illinois Supreme Court remanded the cause and directed the trial court to revalue the Sackville Farm due to decreases in farm prices and to reconsider the nonmarital status of the McManus Farm. The court was also directed to revalue the corn equity and to reconsider the adequacy of the petitioner's 30% share in the event the farm property was devalued. Designation of the Sackville Farm as marital property was affirmed as was the denial of maintenance and attorney fees. On remand, the trial court made the following disposition in an order entered in June of 1983:

| | |
|---|---|
| Sackville Farm | $387,600 |
| McManus Farm | 168,000 |
| Farm equipment | 51,000 |
| Corn | 9,750 |
| Arizona lot | 4,300 |
| | $620,650 |

| | |
|---|---|
| Petitioner's share (30%) | $186,195 |
| Plus attorney fees | 15,000 |
| | $201,195 |

The court reduced the market value of Sackville Farm by 15% but added to the marital equity the amount paid as rent by the respondent after the marriage was dissolved in 1979. The rent was added because the respondent had originally purchased Sackville Farm from his parents on an installment contract. The respondent defaulted, and the farm reverted to his parents. The respondent continued to farm the property and paid rent to his parents. During the former appeals it was determined that this forfeiture and transfer was an attempt to fraudulently deprive the petitioner of her marital property interest in the farm. The trial court reasoned that the rent payments to the respondent's parents were actually a reduction in indebtedness and

served to increase the marital equity in Sackville.

The June 1983 order declared that the McManus Farm was marital property and also reduced the corn equity. The petitioner's share of the marital property was left at 30%. The court denied maintenance but awarded attorney fees. By agreement of the parties, the petitioner's award was designated as maintenance in gross for tax purposes.

On rehearing, the court modified the above distribution in an order entered in October of 1983, which is the subject of this appeal:

| | |
|---|---|
| Sackville Farm | $331,600 |
| McManus Farm | 30,000 |
| Farm equipment | 51,000 |
| Corn | 9,750 |
| Arizona lot | 4,300 |
| | $426,650 |

| | |
|---|---|
| Petitioner's share (45%) | $191,992.50 |
| Plus attorney fees | 15,000.00 |
| | $206,992.50 |

The court reversed its erroneous decision to add the husband's rent payments to the Sackville Farm equity. Based on an amendment to section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 503) enacted in August of 1983, the trial court reclassified the McManus Farm as nonmarital property and credited the marital estate for a $30,000 contribution to the farm made while the parties were married. The trial court found that the petitioner was entitled to compensation for the five years during which the respondent had exclusive use of the marital property while this case was being appealed. Instead of awarding equitable interest, the court increased the petitioner's share of the marital property by 15%. The award of attorney fees, denial of maintenance and designation of the petitioner's award as maintenance in gross were left intact.

■■■ The respondent first argues that the Sackville Farm should be reclassified as nonmarital property based on the same 1983 amendment to section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, sec. 503) which caused the court to reclassify the McManus Farm as nonmarital property.

The petitioner contends that the Sackville Farm was conclusively determined to be marital property during the former appeal based on existing law. That determination now constitutes the law of the case. The petitioner states that the new law was properly applied to the

McManus Farm because the former appeal had not settled that issue and because the Illinois Supreme Court had expressly directed the trial court to reconsider the status of McManus.

The respondent argues that the determination of a question on a former appeal is not the law of the case when a higher court during the interval between appeals has announced a contrary law. (*Presbyterian Distribution Service v. Chicago National Bank* (1962), 36 Ill. App. 2d 1.) The respondent contends that this rule should also apply to legislative changes such as the amendment of section 503. We are of the opinion that a legislative change in the law during the pendency of multiple appeals would have the same effect as a contrary law announced by the Illinois Supreme Court. Therefore, the status of the Sackville Farm should be reevaluated in light of the amendment to section 503. However, we are not free to make new determinations as to factual matters passed upon by the Illinois Supreme Court unless the new law so requires.

The respondent argues that section 503(e) of the 1983 statute now authorizes the 1978 transfer of the Sackville Farm to his parents following respondent's default. Regardless of whether this is a correct interpretation of section 503(e), the respondent ignores the fact that the Illinois Supreme Court has ruled that there was no *bona fide* transfer but that the entire transaction was a collusive attempt to defraud the petitioner of her inchoate marital interest in the farm. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 225.) The amendment to section 503 does not require us to reexamine the fraud issue, and the Illinois Supreme Court's decision thereon is binding.

The respondent also argues that the Sackville Farm was essentially a gift in its price and financing from his parents and is therefore nonmarital by that measure. To the extent any marital income was contributed to the Sackville Farm, the marital estate should be reimbursed for that amount pursuant to section 503(c)(2). (Ill. Rev. Stat. 1983, ch. 40, par. 503(c)(2).) Again, the respondent ignores the fact that the Illinois Supreme Court has conclusively determined that the Sackville Farm was not a gift in whole or in part but was marital property at the time it was acquired. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 218.) The 1983 amendment does not change the fact that property acquired during the marriage (as was Sackville) is presumed to be marital property. Nor does the amendment have any effect on the question of when a transfer of property is considered to be a gift so as to rebut the presumption of marital property. Therefore, the Illinois Supreme Court decision on this issue is controlling. Accordingly, the trial court did not err in refusing to reclassify Sackville Farm.

■ Next, the respondent argues that the trial court abused its discretion by increasing the petitioner's share of marital property. The statutory criteria for division of marital property are found in section 503(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 503(b)). The objective of this section is to achieve a division of property which is in just proportions. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31.) The division of marital property is a matter left to the discretion of the trial court. (*In re Marriage of Sales* (1982), 106 Ill. App. 3d 378, 380.) We have examined the record and find that the trial court's division is not contrary to the manifest weight of the evidence.

The Illinois Supreme Court directed the trial court to reconsider the adequacy of the petitioner's award in light of any decrease in the value of the Sackville Farm. This farm was reduced in value by 15%. Also, the respondent has had exclusive use of all of the marital property since 1979. We find that a 15% increase in the petitioner's share of the marital property was a fair and accurate response to these changed conditions. We affirm the trial court's property division.

■ Next, the respondent argues that the court abused its discretion in awarding attorney fees to the petitioner. The issue of attorney fees was discussed by the Illinois Supreme Court during the prior appeal. The trial court had denied attorney fees, and the Illinois Supreme Court affirmed finding that the petitioner had not demonstrated that she was unable to pay her own attorney fees or that the respondent was in any better financial position to do so than she was. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 229.) In the absence of a change in the facts, the Illinois Supreme Court decision on this issue was binding on the trial court.

We have examined the record on remand and find that although the petitioner's attorney fees may have increased, so did her share of the marital property. To the extent there has been a change in the facts, it favors the conclusion that the petitioner is able to pay her own attorney fees. We find no new evidence in support of the trial court's award of attorney fees to the petitioner. Therefore, the determination of the Illinois Supreme Court in the prior appeal is conclusive. We reverse the award.

■ The final issue involves the designation of the petitioner's property award as maintenance in gross pursuant to agreement of the parties. The respondent argues that the right to maintenance terminates upon remarriage. (Ill. Rev. Stat. 1981, ch. 40, par. 510.) Since the petitioner has remarried, her award of maintenance in gross should be reduced. The trial court found that this argument was spe-

cious and of no value. We agree.

The phrase "maintenance in gross" is simply another name for the petitioner's award of marital property and was employed solely for tax purposes. Periodic maintenance was denied. Under these circumstances, the petitioner's remarriage does not constitute grounds for a modification of the property distribution.

The judgment of the circuit court of Mercer County is reversed as to the award of attorney fees. In all other respects, the judgment is affirmed.

Affirmed in part; reversed in part.

SCOTT and STOUDER, JJ., concur.