PER CURIAM.
The former Husband, John Henry Clay Smith, Jr., appeals a final judgment of dissolution of marriage. He asserts the trial court erred in three respects involving the distribution of the property belonging to the parties. After carefully reviewing the record, the testimony, and the evidentiary exhibits, we agree with appellant and reverse.
*1385 Paragraph four of the final judgment recites the following finding:
Based upon the circumstances surrounding the theft of the Wife’s jewelry and the Husband’s lack of credibility, the Court finds that the Husband appropriated to his own use and benefit, the Wife’s jewelry which the Court finds to have had a value of approximately $34,000.00 at the time of its disappearance. The Husband should, therefore, pay unto the Wife, by way of lump sum alimony, secured by a lien against the property hereinafter described, the sum of $17,000.00. The reduction from $34,000.00 to $17,-000.00 takes into consideration the Husband’s obligation to pay the Philip Yar-borough debt.
The record does not contain sufficient competent, substantial evidence to support the court’s finding that the Husband staged a robbery and appropriated such jewelry to his own use and benefit, irrespective of any issue regarding the Husband’s credibility. Although the burden of proof applicable to establishing that a party has defrauded the other party of their property requires proof by clear and convincing evidence,[1] the proof of the Husband’s participation in a scheme to remove and appropriate the jewelry to his own use does not meet even a preponderance of the evidence standard. This finding, therefore, must be vacated and all provisions of the judgment based thereon reversed.
The court also erred in failing to recognize the Husband’s special equity in the home on Cobia Street, which was owned by him prior to the marriage. The evidence does not support a finding that the Husband gave the Wife any interest in this property during the marriage. It was error, therefore, to include the value of this home as marital property in effecting equitable distribution of the marital property. E.g., Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Horton v. Horton, 433 So.2d 1386 (Fla. 5th DCA 1983). Compare also section 61.075, Florida Statutes (1988 Supp.), which became effective on October 1, 1988, a few months after the appealed judgment was entered. Ch. 88-98, § 1, Laws of Fla.
Likewise, the final judgment fails to identify which items of the parties’ personal property should be treated as marital and non-marital property, and it does not so allocate and distribute the personal property in accordance with the proof at trial. In particular, we note that the court apparently failed to treat certain property located at the Wife’s place of business as the Husband’s property acquired before the marriage, and to give him any credit for the Wife’s unauthorized disposition thereof after the parties separated.
In view of these errors, the equitable distribution of the property owned by the parties and the lump sum alimony award of $17,000 to the Wife is grossly disproportionate and inequitable and cannot stand. Accordingly, all provisions of the appealed judgment effecting distribution of property and awarding lump sum alimony are reversed and the cause is remanded for further consideration and entry of judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
ZEHMER, MINER and ALLEN, JJ., concur.

. See Matthews v. Matthews, 133 So.2d 91 (Fla.1961), appeal after remand, 222 So.2d 282 (Fla.1969); Graessle v. Schultz, 90 So.2d 37 (Fla.1956); Biscayne Blvd. Properties, Inc. v. Graham, 65 So.2d 858 (Fla.1953); Paris v. Paris, 412 So.2d 952 (Fla. 1st DCA 1982); Veiock v. Veiock, 391 So.2d 793 (Fla. 1st DCA 1980); Hofmann v. Hofmann, 94 Ill.2d 205, 68 Ill.Dec. 593, 446 N.E.2d 499 (1983), appeal after remand, 125 Ill.App.3d 548, 81 Ill.Dec. 12, 466 N.E.2d 598 (1984); In the Marriage of Erwin, 100 Or.App. 64, 784 P.2d 1109 (1990); In re Marriage of Holderrieth, 181 Ill.App.3d 199, 129 Ill.Dec. 896, 536 N.E.2d 946 (1989).