652 So.2d 466 (1995)
Willie May ROBINSON, Appellant,
v.
George Louis ROBINSON, Appellee.
No. 94-683.
District Court of Appeal of Florida, First District.
March 23, 1995.
*467 Jeffrey P. Whitton, Panama City, for appellant.
Paul G. Komarek of Daniel & Komarek, Panama City, for appellee.
PER CURIAM.
In this appeal of a final order of dissolution of a 40 year marriage, appellant challenges the trial court's decision declining to award appellant/wife any interest in appellee/husband's vested retirement plan based on a finding that appellant "did not prove with definiteness what amount the Husband would be entitled to receive upon his retirement; the present value of his entitlement, if any; or the value of her entitlement, if any." The trial court did not consider reserving jurisdiction to distribute a fixed percentage of the benefits upon actual retirement, see Kirkland v. Kirkland, 618 So.2d 295, 297 (Fla. 1st DCA 1993) (DeLoach equally applicable to vested benefits), and DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991) (approving deferred division of benefits on fixed percentage basis). Appellant asserts she did not seek a cash award, but wanted to establish her right to payment upon appellee's retirement. We agree that the trial court erred in denying appellant any interest in the vested retirement plan, which is a marital asset, and remand for further consideration according to the method set forth in DeLoach.
Appellant further contends the trial court failed to make required findings in accordance with section 61.075, Florida Statutes, clearly identifying marital and non-marital assets and establishing values and valuation dates for marital assets. In particular, appellant challenges the lack of findings as to two additional potential marital assets which were in dispute: husband's alleged interest in an auto repair shop, in which wife worked during the marriage, and husband's $10,000 savings account accumulated during the marriage. We agree that the order does not contain the required findings and decline to speculate on the trial court's reasons for omitting discussion of these items from the final order. See generally Eady v. Eady, 624 So.2d 360 (Fla. 1st DCA 1993) (appellate court might be able to justify quid pro quo if sitting as trier of fact, but declined to speculate on what trial court intended without guidance from the final judgment).
We reverse and remand for additional evidence and appropriate findings consistent with Kirkland and DeLoach, as well as Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992) (findings as to valuation), and Smith v. Smith, 571 So.2d 1384 (Fla. 1st DCA 1990) (identification of marital and non-marital property). See also Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992) (trial court cannot meet its burden under section 61.075 if parties fail to provide required information); and Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, JOANOS and MINER, JJ., concur.