PER CURIAM.
This is an appeal from a final judgment dissolving the marriage of the parties. Cornell Cummings, the husband, contends that the trial court erred in failing to award him an adequate share of the property, and in denying his claims for rehabilitative alimony and attorney’s fees. Carolyn Cummings, the wife, defends these decisions in the trial court on the ground that they were based on a proper exercise of judicial discretion. We are unable to review the trial court’s distribution of property because the court did not determine the value of the items of property distributed. Therefore we remand for further proceedings on this point and decline to reach the merits of any other issue in the present appeal.
Section 61.075(3)(b), Florida Statutes, provides that the equitable distribution of marital and nonmarital property must be supported by written findings of fact including “the individual valuation of significant assets.” The final judgment in this case states the value claimed by each party for the significant items of property but does not settle the disputed claims of value as to any item of property. Consequently, the parties have presented their arguments on appeal by referring to the parts of the judgment that support their respective positions. We are unable to resolve these competing arguments on review, without a determination of value for the specific items distributed. Robinson v. Robinson, 652 So.2d 466 (Fla. 1st DCA 1995); Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992).
For this reason, we reverse the final judgment and remand the case to the trial court for determination of the value of each item of property. Because the final judgment will be redrafted, we point out another potential error. Mrs. Cummings’ deferred compensation account is identified as a marital asset but not included in the plan of distribution. All other issues may be addressed in the trial *1035 court in light of the court’s findings as to the value of the, marital and nonmarital assets.
Reversed and remanded.
JOANOS, VAN NORTWICK and PADOVANO, JJ., concur.