491 So.2d 1270 (1986)
Betty B. SUMMERS, Appellant,
v.
Clifford W. SUMMERS, Appellee.
No. 85-2366.
District Court of Appeal of Florida, Second District.
July 30, 1986.
Byron P. Hileman of Summerlin & Conor Law Firm, Winter Haven, for appellant.
R. Scott Bunn and Lance Holden of Sharit, Bunn & Chilton, Winter Haven, for appellee.
*1271 LEHAN, Acting Chief Judge.
In this dissolution of marriage action, the wife appeals the trial court's equitable distribution of marital assets and some aspects of the child support award. We remand for further proceedings.
The parties were married twenty-four years and had three children. One of their children was a minor at the time of the dissolution. Custody of this child was awarded to the husband, and the wife was ordered to make child support payments to the husband. The husband was also given use and possession of the marital home until the child reaches his majority.
Up to the time of their separation the parties were apparently the sole support of one minor grandchild. The parties had entered into a written agreement with the grandchild's parents several years earlier in which the parents assigned custody and guardianship of the child to the parties. After the separation, the wife took over the support of the grandchild. In her petition the wife requested custody of and child support for the grandchild. The trial court in its final order determined that neither the husband nor the wife is guardian of the grandchild and that neither has a duty to support the child. The wife does not dispute that determination but argues that the trial court erred in not taking into account the expenditures she makes to support the grandchild when the court made the awards to the husband of child support and exclusive possession of the marital home. However, there is nothing in the final judgment or elsewhere in the record establishing that the trial court did not consider those expenditures in making the awards, and we do not conclude that the trial court abused its discretion in that regard.
The wife's other points on appeal concern the equitable distribution of the marital assets. The trial court found that the parties had incomes and assets which were approximately equal, with the exception of their respective pension plans. The wife had been an employee of the U.S. Postal Service for twelve years and was covered by a pension plan that had a present value of $210,750, according to testimony by the husband's expert witness. That witness also testified that the present value of the husband's pension plan was $8,177. At the time of the dissolution, the wife was 42 years old and the husband was 43 years old.
Because of the disparity between the values of the pension plans, the trial court in making equitable distribution ordered the wife to pay the husband lump sum alimony of $20,000, payable at the termination of the wife's duty to support their minor child and secured by a non-interest-bearing mortgage on the wife's one-half undivided interest in the marital home. The wife contends that the trial court erred in considering the present value of her pension plan in the absence of testimony that the plan was vested.
We agree with the trial court that the value of the wife's pension plan was properly considered for the purpose of equitable distribution if the plan is vested. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Bogard v. Bogard, 490 So.2d 43 (Fla. 1986); Reyher v. Reyher, No. 85-1274 (Fla. 2d DCA June 27, 1986) [11 FLW 1450]; Clarke v. Clarke, 443 So.2d 486 (Fla. 2d DCA 1984). See also Adamson v. Adamson, 458 So.2d 1152 (Fla. 2d DCA 1984); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980). But if the plan is not vested, its value should not have been so considered because then the plan would not have been established as security for the future; in that event any entitlement to payments from the plan might be lost, if, for example, there was a change of employment. While there was substantial testimony about the wife's pension plan, it is conceded that the testimony did not establish whether or not the plan is vested. On remand the trial court should determine whether or not or to what extent the plan is vested. If it is vested to the extent of its foregoing value, no further action is necessary, and the final judgment would be affirmed. If it is not, the foregoing lump sum alimony award should be withdrawn and the trial court may re-examine the subject of equitable distribution *1272 without consideration of any unvested value of the wife's pension plan.
The wife also contends that the trial court erred in not considering the husband's future entitlement to social security benefits which would supplement any benefits he would receive from his pension plan. The wife notes that the evidence shows that F.I.C.A. contributions are regularly made by the husband and that the wife's coverage by her pension plan is in lieu of social security retirement coverage. However, while evidence about the husband's contributions to F.I.C.A. is in the record, it is conceded that the trial court's attention was not directed to any implications from that evidence as to whether the husband may be eligible in the future for social security benefits while the wife may not be. Because this issue was not raised below the trial court was not given an opportunity to rule on it and the husband was not given an opportunity to present any additional relevant evidence in that regard. Accordingly, we should not and do not direct the trial court to reevaluate the parties' assets except for the determination directed above as to whether or not the wife's plan is vested.
Remanded for proceedings consistent herewith.
FRANK and HALL, JJ., concur.