COBB, Judge.
James Ralph Long appeals the final judgment of dissolution which awarded the former wife, Yvonne B. Long, $600 per month in child support; $200 per month in rehabilitative alimony for 48 months; the marital home as lump-sum alimony; and restricted visitation with the parties’ two minor children.[1] James also appeals the denial of his motion for modification of alimony, child support and visitation.
From the testimony elicted at the hearing on the initial dissolution, it is clear that there is no basis for an award of rehabilitative alimony. There was no evidence that the wife’s earning ability suffered in any way during the marriage, since she worked before, during and after the marriage. There was no evidence that she plans to obtain additional training or education. See McDonald v. McDonald, 429 So.2d 795 (Fla. 4th DCA 1983); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982); G’Sell v. G’Sell, 390 So.2d 1196 (Fla. 5th DCA 1980); Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980). The award of $600 per month in child support exceeds the husband’s ability to pay. This is especially apparent in light of his support obligations for two minor children from a previous marriage. Cf, Summers v. Summers, 491 So.2d 1270 (Fla. 2d DCA 1986); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA), review denied, 392 So.2d 1375 (Fla.1980). Accordingly, this case is remanded with instructions to set aside the award of rehabilitative alimony and to set child support in an amount not greater than $400 per month. The remaining portions of the final judgment in the initial dissolution proceeding are affirmed.
Additionally, since the parties did not have the opportunity to fully present testimony and argument on the husband’s petition for modification in regard to visitation, the lower court is instructed to hold a hearing on that matter.
REVERSED in part; AFFIRMED in part; and REMANDED.
UPCHURCH, C.J., concurs.
ORFINGER, J., concurs in part; dissents in part.

. The final order also imposed additional obligations on the husband in the form of liability for most of the couple’s debts, including an $8,000 unsecured second mortgage, as well as lump sum awards to the wife of over $2,000 and attorney’s fees of $2,500.