508 So.2d 551 (1987)
Rebecca A. ZIPPERER, Appellant,
v.
William Ray ZIPPERER, Appellee.
No. BO-141.
District Court of Appeal of Florida, First District.
June 16, 1987.
Harry B. Mahon, of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellant.
Albert Datz, of Datz, Jacobson & Lembcke, Jacksonville, for appellee.
THOMPSON, Judge.
The wife appeals a final judgment of dissolution of marriage which denied her any interest in the husband's vested military pension and awarded her $1,000 a month permanent periodic alimony. The wife contends the trial court erred in failing to award her any interest in her husband's pension and in awarding her only $1,000 a month permanent periodic alimony. We reverse and remand.
At the time the court found that the wife was not entitled to any interest in the husband's pension the finding was consistent with this court's decision in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984) which held that a wife was not entitled to an equitable distribution of any portion of her husband's military retirement pension which was fully vested. After the entry of the final judgment of dissolution the supreme court reversed this court's Diffenderfer decision and held that a spouse's vested pension rights may be considered as a marital asset in determining either equitable distribution, or alimony, but not both. It is left to the trial judge's discretion how pension rights are to be valued and treated in doing equity between the parties. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986).
We cannot determine from our examination of the record whether the trial judge considered the husband's pension rights in determining the amount of the wife's alimony or in the division of the parties' assets. We therefore reverse the provisions of the judgment pertaining to alimony and the division of property and remand for reconsideration of these matters in light of the supreme court's opinion in Diffenderfer.
We are not directing the trial judge to make any change in the amount of alimony or the division of the property, but are reversing and remanding only to give him the opportunity to consider the husband's *552 pension benefits as a marital asset for lump sum distribution or as a source of permanent alimony payments. We find no reversible abuse of discretion in the amount of permanent alimony awarded the wife and if the record reflected that the husband's vested military pension was taken into consideration as a source of the alimony payments and in setting the amount, the final judgment of dissolution would be affirmed without remand.
REVERSED and REMANDED with further proceedings consistent with this opinion.
SHIVERS and NIMMONS, JJ., concur.