WENTWORTH, Judge.
Appellant seeks review of a dissolution order, challenging the division of marital property. Appellee cross-appeals, contesting the award of rehabilitative alimony to appellant. We find that rehabilitative alimony should not have been awarded, and that the court's valuation of the real estate properties does not comport with the evidence which was before the court. We therefore reverse the order as to the award of alimony and the division of marital property.
The parties had been married for over thirty years when the dissolution order was entered. They were both employed at the time of dissolution, with comparable salaries. However, appellee had vested pension rights from his employment, whereas appellant’s pension had not yet vested. Appellee was also receiving retirement benefits from his prior service as a military officer. The parties owned a marital home, three other real estate properties, and time share interests in two additional properties, as well as various other assets. Evidence was presented at the dissolution hearing as to the value of the parties’ pension rights and their real estate properties.
In distributing the marital assets the court ordered that the parties shall continue to own a rental duplex as tenants in common, and awarded appellant the marital home and the other real estate properties. Each party was awarded various other assets, including items of personal property in accordance with their stipulations. Appellant was also temporarily awarded rehabilitative alimony.
Expert testimony was presented indicating that the present value of appel-lee’s military retirement benefits is nearly half a million dollars. In dividing the parties’ assets the court suggested that this valuation was somewhat speculative and “more of a guide ... than ... real probative fact.” We recognize that the court possesses a broad range of discretion in determining how retirement benefits should be valued and treated in doing equity between the parties. See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); *401 Zipperer v. Zipperer, 508 So.2d 551 (Fla. 1st DCA 1987). But the court should ascribe some value to appellee’s military retirement benefits, absent any reasonable basis for discrediting the evidence presented in this case. To the extent that these benefits accrued during the course of the marriage, they should generally be considered as an asset subject to equitable distribution or otherwise available as a source for payment of alimony. See Pas-tore v. Pastore, 497 So.2d 635 (Fla.1986); Diffenderfer, supra.
While the court did not award appellant a share of appellee’s military retirement benefits, it did award her rehabilitative alimony. However, the parties have had comparable earnings for the past several years, and appellant did not assert a diminished earning capacity or suggest that she desired to pursue retraining or other employment. In these circumstances rehabilitative alimony should not have been awarded. ' See Long v. Long, 505 So.2d 10 (Fla. 5th DCA 1987); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982).
The court also awarded appellant all of the parties’ real estate holdings with the exception of one rental duplex. But the court’s valuation of these properties far exceeds the amount established by the testimony and other record evidence. In light of this apparent discrepancy, and since alimony and the distribution of property are interdependent, we find that the lower court should reevaluate the entire award. In doing so the lower court retains discretion as to the amount and structure of the award so as to best do equity between the parties. See generally, Bomtraeger v. Bomtraeger, 521 So.2d 125 (Fla. 1st DCA 1987); Zipperer, supra.
The order appealed is reversed as to the award of rehabilitative alimony and the division of marital property, and the cause is remanded.
ERVIN and BOOTH, JJ., concur.