PER CURIAM.
Finding that the trial court failed to provide an appropriate child-support award, we reverse and remand. Under the final judgment, the award merely memorialized the father’s already existing obligation as a tenant in common to pay half the mortgage, and failed to impose any further obligation upon him. Cf. Gudinas v. Gudinas, 471 So.2d 210 (Fla. 1st DCA 1985) (one-half of ordered payment of entire mortgage on marital home properly considered required payment as cotenant; other half considered child support). Compare Pastore v. Pastore, 497 So.2d 635 (Fla.1986) (order directing payment of entire mortgage on marital residence as “unallocated child support and alimony,” as well as awarding $375 per month per child for child support, not error); Putman v. Putman, 154 So.2d 717 (Fla. 3d DCA 1963) (order directing payment of entire mortgage on marital residence and $150 per month as child support, as well as all extraordinary medical and dental expenses, and maintenance of health insurance for child, not error).
The trial court did not err in ordering the father to maintain his existing life insurance policy for the benefit of the child. Maintenance of an existing life insurance policy may be ordered as security for the payment of child support. See Bosem v. Bosem, 279 So.2d 863 (Fla.1973).
Finding the award of child support to be inadequate, we reverse with directions to the trial court to provide appropriate child support.