PER CURIAM.
We affirm the final judgment of dissolution and the various awards made to the wife thereunder as we cannot say that the *598 trial court abused its discretion given the facts presented in this case. See Noah v. Noah, 491 So.2d 1124 (Fla.1986); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979).
One issue of equitable distribution involved the consideration of a nonvested pension plan. The appellant claims that it should not be valued as marital property, citing Summers v. Summers, 491 So.2d 1270 (Fla. 2d DCA 1986). That case relied on Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) which held that a spouse’s entitlement to pension or retirement benefits must be considered as a marital asset for purposes of equitable distribution. In Diffenderfer the pension plan was vested and matured. Therefore the supreme court has yet to consider whether a non-vested plan is a marital asset for purposes of equitable distribution. In light of the facts of this case, we do not need to decide the issue because we hold that the trial court did not abuse its discretion, whether or not the pension plan is considered in the distribution.
Although not applicable to this case, we note that the legislature enacted section 61.075, Florida Statutes (1988), Equitable Distribution of Marital Assets and Liabilities, effective October 1, 1988. That statute includes in its definition of marital assets “all vested and nonvested benefits, rights, and funds accrued during the marriage in retirement, pension, profit-sharing, annuity, deferred compensation, and insurance plans and programs.” Fla.Stat. § 61.075(3)(a)4. (1988). This effectively eliminates the holding of Summers. The task for the marital bar will be to develop methods of valuing nonvested pension and retirement rights which must include of necessity contingencies of vesting together with the calculation of present value. We encourage the bar to approach valuation methods with a view of reasonableness, because the cost in expert fees of calculating values may exceed the benefits to be derived. A good discussion of valuation of retirements plans is found in Golden, L., Equitable Distribution of Property, 169-77 and 227-232 (1983).
Affirmed.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.