552 So.2d 324 (1989)
Franklin DeLOACH, Appellant,
v.
Ruthie Mae DeLOACH, Appellee.
No. 89-383.
District Court of Appeal of Florida, First District.
November 21, 1989.
*325 William H. Grant, III, Orange Park, for appellant.
Terance A. Jones, Orange Park, for appellee.
THOMPSON, Judge.
The former husband appeals an order of child custody and distribution of marital assets entered after a final judgment of dissolution of marriage which, inter alia, awards the former wife one-half of the husband's military retirement earned during the course of the marriage. The husband argues that the award was improper. We agree, and reverse and remand for reconsideration.
In his first point on appeal the husband asserts that the wife's failure to specifically seek an equitable distribution of the husband's pension precludes the court from considering this issue. We disagree. Military pension benefits should generally be considered as assets subject to equitable distribution or otherwise available as a source for payment of alimony to the extent that the benefits accrued during the marriage. Mollnow v. Mollnow, 530 So.2d 399 (Fla. 1st DCA 1988); Zipperer v. Zipperer, 508 So.2d 551 (Fla. 1st DCA 1987). All dissolution proceedings are in chancery. § 61.011, Fla. Stat. A chancellor has the inherent right in such proceedings to adjudicate the equitable interests of the parties in property acquired during the marriage. Burns v. Burns, 174 So.2d 432 (Fla. 2d DCA 1965). Furthermore, the issue of the husband's pension rights was raised and considered without objection, so it was appropriate to treat it as if it had been raised in the pleadings. Robinson v. Robinson, 340 So.2d 935 (Fla. 4th DCA 1976).
Notwithstanding our conclusion that the husband's military pension was properly at issue below, we agree with his contention that the paucity of evidence adduced on this issue cannot support the court's award. The pension evidence adduced was minimal compared to the extensive evidence presented on other issues. Left unresolved were the important issues of whether the pension was vested or mature, when it would become vested, its present value, or when the husband would be entitled to begin to receive his benefits thereunder. These issues could easily have been resolved by proper questioning of the husband or by the court taking judicial notice of the federal statutes governing the husband's pension rights. At least one decision has held that non-vested retirement benefits should not be considered as part of the marital estate. Summers v. Summers, 491 So.2d 1270 (Fla. 2d DCA 1986). On remand the trial court must address and resolve the issues discussed herein.
In the course of questioning the husband about his military pension, the trial judge advised the husband that under Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), the wife would be "entitled" to a portion of the husband's pension for the period of time that husband and wife were married. Diffenderfer does not establish any such entitlement, but rather holds that a spouse's retirement benefits must be considered as marital property, and may be either subjected to division in making equitable distribution of the marital assets, or treated as a source of payment of alimony, but not both. Bujarski v. Bujarski, 530 So.2d 953 (Fla. 5th DCA) review denied 537 So.2d 568 (Fla. 1988); Waldman v. Waldman, 520 So.2d 87 (Fla. 3d DCA) review denied 531 So.2d 169 (Fla. 1988).
The portion of the order of child custody and distribution of marital assets relating to the issues concerning the equitable distribution of the marital property is reversed, and the cause remanded for further consideration consistent with this opinion.
SMITH and MINER, JJ., concur.