601 So.2d 231 (1992)
Patsy Ann GLOVER, Appellant,
v.
William Cecil GLOVER, Appellee.
No. 91-1681.
District Court of Appeal of Florida, First District.
May 26, 1992.
On Motion for Clarification July 23, 1992.
*232 Elliot Zisser and Nancy N. Nowlis, of Zisser, Robison, Brown, Nowlis & Cumbie, P.A., Jacksonville, for appellant.
William Cecil Glover, pro se.
SHIVERS, Judge.
The former wife (Wife) appeals from a Final Judgment of Dissolution of Marriage and an Order denying her Motion for Rehearing. The marriage lasted from February 1976 until January 1991. The parties disagree over the following terms of the Final Judgment: 1) The former husband (Husband) is to pay $250 monthly as child support for each of the four minor children. 2) Husband has a "special equity" in the marital home and land and was awarded exclusive use, possession and ownership, while assuming sole responsibility for all mortgage payments, with Wife conveying by quit-claim deed her interest in the property but receiving one-half of the enhancement value. 3) Husband and Wife are entitled to keep their own respective retirement benefits. 4) The trial court failed to address whether Husband should be required to maintain a life insurance policy naming the four children as beneficiaries. 5) Husband's one-half portion of $5,200 retained by Wife, in savings from the joint assets of the parties, is to be considered Husband's contribution to Wife's attorney's fees and costs. Wife also challenges the overall plan of equitable distribution. Neither party was awarded alimony. Reviewing the final judgment as a whole, we find an abuse of discretion by the trial court requiring reversal and remand for reconsideration of the equitable distribution of the marital assets and liabilities. See section 61.075, Florida Statutes (1989); Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Husband was directed to pay a total of $1,000 in monthly child support, half on the 1st and the other half on the 15th of each month. The presumptive child support need is established in section 61.30, Florida Statutes (1989). The child support worksheet indicates the parties' combined monthly net incomes total $4,039.32. Husband's and Wife's incomes account for 64% and 36% of the total, respectively. The schedule in section 61.30(6), Florida Statutes (1989), provides that $1,744 is the minimum child support need, within plus or minus 5%, for combined monthly incomes of $4,050 where there are four children. We vacate the $1,000 monthly child support award and remand for further proceedings. Section 61.30(1)(a), Florida Statutes (1989), requires that, upon remand, the trial court explain why ordering payment of the guideline amount would be unjust or inappropriate. See Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991). Wife's gross monthly income should be determined by dividing her annual income by twelve months.
Wife alleged at trial that her retirement benefits are not vested because she has not worked a sufficient period of time in the Duval County school system. Sections 61.075(3)(a)(4) and 61.076(1), Florida Statutes (1989), provide nonetheless that "[a]ll vested and nonvested benefits" accrued during the marriage in pension and other retirement plans are marital assets subject to equitable distribution. It is the responsibility of counsel to present the trial court with "sufficient, detailed evidence concerning such plans" so that it can accomplish a fair distribution. Nelson v. Nelson, 588 So.2d 1049 (Fla. 2d DCA 1991). The trial court cannot meet its burden, under section 61.075, Florida Statutes (1989), and the related decisions, if the parties fail to provide such information as is required to support the distinction between marital and nonmarital assets and to determine proper valuations. Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992).
The parties acknowledge that Wife did not produce any admissible documentation concerning her retirement benefits, yet she *233 seeks a portion of Husband's benefits. On that basis, Husband's trial counsel objected to any discussion of Husband's federal employment pension benefits. In DeLoach v. DeLoach, 590 So.2d 956, 959 (Fla. 1st DCA 1991), we stated that the supreme court in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), did not preclude consideration of nonvested pensions as marital property. See Hennessey v. Hennessey, 551 So.2d 597 (Fla. 4th DCA 1989); cf. Summers v. Summers, 491 So.2d 1270 (Fla. 2d DCA 1986). We reverse that part of the final judgment awarding the parties their own respective retirement benefits and remand for additional evidence and appropriate findings of fact consistent with our holdings in Moon, DeLoach and Huntley v. Huntley, 578 So.2d 890 (Fla. 1st DCA 1991).
Section 61.075(1), Florida Statutes (1989), requires the trial court to "set apart to each spouse that spouse's nonmarital assets and liabilities" and to "distribute between the parties the marital assets and liabilities in such proportions as are equitable." Relevant factors include:
(a) The contribution to the marriage by each spouse, including contributions to the care and education of the children and services as homemaker.
(b) The economic circumstances of the parties.
(c) The duration of the marriage.
(d) Any interruption of personal careers or educational opportunities of either party.
(e) The contribution of one spouse to the personal career or educational opportunity of the other spouse.
(f) The desirability of retaining any asset, including an interest in a business, corporation, or professional practice, intact and free from any claim or interference by the other party.
(g) The contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties.
(h) Any other factors necessary to do equity and justice between the parties.
As to the award of the marital home to Husband and the order for Wife to quit-claim to him her interest in the home, Wife acknowledges that Husband initially received the property as a gift from his mother, but Wife testified that the gift was made with the parties' impending marriage in February 1976 in mind. Further, in October 1984, the parties signed a quit-claim deed transferring title in the marital home and surrounding 5.28 acres to both Husband and Wife.
Section 61.075(3)(a)(5), Florida Statutes (1989) provides:
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
"[T]he statute creates a presumption that entireties real estate is marital property regardless of who paid for it," Robertson v. Robertson, 593 So.2d 491, 494 (Fla. 1st DCA 1991), thereby preempting the principle established in Ball v. Ball, 335 So.2d 5 (Fla. 1976). Husband, as the party claiming a special equity and seeking to have the property declared a nonmarital asset, had the burden of overcoming the statutory presumption by proving a gift was not intended. Robertson; Deas v. Deas, 592 So.2d 1221 (Fla. 1st DCA 1992).
The trial court stated that Husband has a "special equity" in the property, but Wife was ordered to transfer all of her interest in the property to Husband. She was permitted to keep one half of the $3,000 determined to be the enhanced value of the property. In Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988), we noted that "[o]nce the threshold requirement of marital labor or funds has been established, increases in value attributable to marital labor, funds, inflation, and market conditions will all apply." Id. at 1141. Although the trial court was in the better position to consider and weigh the evidence concerning the designation and use of marital assets, the final judgment includes no specific finding as to whether the marital home and property are marital or nonmarital *234 assets. We reverse that portion of the final judgment dealing with the marital home and property and remand for findings pursuant to section 61.075, Florida Statutes (1989), that will permit meaningful appellate review. See Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).
Although the decision whether to require Husband to maintain a life insurance policy listing the four children as beneficiaries is discretionary with the trial court, see Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Abolsky v. Abolsky, 532 So.2d 1338 (Fla. 3d DCA 1988), the failure to address and determine the life insurance issue raised at trial by Wife's pleadings and testimony is an error of omission, and the issue of life insurance must be considered as part of the overall equitable distribution plan.
We find the provision relating to attorney's fees to be reasonable and affirm that portion of the final judgment. Canakaris, 382 So.2d at 1203.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
KAHN and WEBSTER, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
In that portion of our original opinion relating to the presentation of evidence to the trial court concerning vested and nonvested benefits, we said "[i]t is the responsibility of counsel to present the trial court with `sufficient, detailed evidence concerning such plans' so that it can accomplish a fair decision." See page 232, citing Nelson v. Nelson, 588 So.2d 1049 (Fla.2d DCA 1991). Pursuant to appellant's motion, we clarify our opinion to reflect that appellate counsel for appellant did not represent appellant in the trial court. In all other respects, the original opinion stands.
SHIVERS, KAHN and WEBSTER, JJ., concur.