610 So.2d 719 (1992)
Michael J. PARKER, Appellant,
v.
Paula C. PARKER, Appellee.
No. 92-690.
District Court of Appeal of Florida, First District.
December 29, 1992.
John D. Carlson, of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for appellant.
Robert B. Staats, of Staats, White & Clarke, Panama City, for appellee.

ON MOTION FOR REHEARING
SHIVERS, Judge.
We grant in part Appellant's motion for rehearing, withdraw our opinion dated October 23, 1992, and substitute the following opinion in its place.
The husband appeals from a final judgment of dissolution of marriage ordering child support and distributing the marital estate and the husband's retirement and investment plans. The trial court did not distribute the wife's non-vested retirement plan. We reverse the distribution of the husband's retirement plan and the failure to distribute the wife's retirement plan. We affirm the award of child support.
The wife Paula Parker and the husband Michael Parker were married in May 1981. The wife's son Doug from a prior marriage, came to live with the couple after the marriage. Doug was approximately four years old at the time. In January 1990 the appellant Michael Parker adopted Doug.
The parties separated in December 1990, and the wife filed for dissolution of marriage four months later. After the separation, Doug refused to visit with the appellant Michael Parker outside the presence of a family counselor. Some conflict had developed between the appellant and Doug. *720 Doug felt the appellant was making him do things he did not want to do. Doug had reestablished a relationship with his natural father and refused to use the appellant's last name. Doug threatened to run away rather than have regular contact with the appellant, his adopted father. The family counselor opined that structured visitation between Doug and the appellant would be inappropriate until at least six more months of counselling.
A hearing was conducted in April 1992. The evidence indicates that as of December 31, 1980, the husband had a retirement plan with his employer with a total vested market value of $12,055.81. By September 1991 the vested market value of the plan was $129,344. No proof was offered regarding the accrual of interest on the $12,055.81 from 1980 through 1991.
The evidence also indicated that the wife worked for the state of Florida between 1985 through 1989, and again from December 1990 through the date of the hearing. The state deducted monies from her paycheck, putting it into a retirement account which would not vest until ten years after she began her employment. The value of the wife's retirement account was unknown, and the trial court told the lawyers that if the account was to be considered an asset, a value would need to be determined. Although the wife offered to obtain additional information, neither she nor her lawyer presented further evidence regarding the value of the wife's non-vested retirement plan.
Fifty-three days after the hearing, no further evidence regarding the retirement accounts had been admitted. The trial court entered a final judgment of dissolution of marriage granting the wife primary physical residence of Doug and ordering the husband to pay child support. The trial court deducted $12,055.81 from $129,344, and awarded the wife half of that amount as her share of the husband's retirement plan. The husband was not awarded any portion of the wife's non-vested retirement plan.
We affirm the award of child support. Appellant argues that Doug's conduct is so disrespectful and gross that the child support award was an abuse of discretion. However, under the circumstances of this case, and given the trial court's order for "reasonable visitation" in conjunction with counselling to establish "an appropriate visitation schedule," the child support award was not an abuse of discretion. We endorse the trial court's reservation of jurisdiction over visitation.
We reverse the trial court's failure to award the husband the passive accumulations on his $12,055.81 premarital interest in his retirement fund. See subsection 61.075(3)(a)(2), Florida Statutes (1989); Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987). We also reverse the trial court's failure to set off the wife's interest in her own non-vested retirement account against her interest in the husband's retirement account. See sections 61.075(3)(a)(4) and 61.076(1), Florida Statutes (1989); Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992).
Finally, we reject the husband's argument on appeal that the trial court erred by not finding that the husband had special equity in a home owned by him prior to the marriage. The husband's lawyer expressly waived any claim for special equity in the home, and even if there was a valid claim for special equity, he presented no evidence to overcome the statutory presumption of subsection 61.075(3)(a)(5), Florida Statutes (1989), that entireties real estate is marital property regardless of who paid for it. Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). "Husband, as the party claiming a special equity and seeking to have the property declared a nonmarital asset, had the burden of overcoming the statutory presumption by proving a gift was not intended." Glover, 601 So.2d at 233.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
ZEHMER and KAHN, JJ., concur with opinions.
ZEHMER, Judge (concurring).
I concur in the majority opinion on each of the issues presented. My concurrence *721 on the child support issue is predicated on my view that the trial court's reservation of jurisdiction over visitation, in view of the child's current refusal to have any relationship with Appellant, permits the trial court to also revisit the matter of child support should the child persist in refusing to maintain a meaningful relationship and participate in a program of reasonable visitation.
KAHN, Judge, concurring.
I agree that based upon the dictates of existing case law and section 61.075, Florida Statutes, the award of equitable distribution must be revisited. I am extremely concerned, however, that we are reversing a trial judge who did not err in her ruling, based upon the evidence presented by Mr. Parker.[1] Specifically as to any passive accumulations on the $12,055.81 value of the husband's premarital interest in his retirement fund, the record is clear that no evidence of such accumulations was presented to the trial court by Mr. Parker on the appreciated value of the premarital asset. Similarly, no evidence of value for the wife's non-vested retirement fund appears.
In both Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992), and Glover v. Glover, 601 So.2d 231 (Fla. 1st DCA 1992), this court reversed equitable distribution awards, even though the party seeking an interest in the spouse's retirement account failed to present sufficient and detailed evidence concerning the value of such account. In Moon, however, we observed:
The trial court cannot possibly fulfill (its) duty unless counsel for the spouse seeking equitable distribution places the appropriate information before the court. In other words, counsel must provide such data to the court as is required to support the segregation of marital from nonmarital assets and to support valuations that will withstand appellate review.
594 So.2d at 822.
It seems clear that the party alleging entitlement to equitable distribution of an asset is required to introduce evidence which shows such entitlement. Moon, supra; Dozier v. Dozier, 606 So.2d 477 (Fla. 1st DCA 1992); Zaborowski v. Zaborowski, 547 So.2d 1296 (Fla. 5th DCA 1989). In the present case, Mrs. Parker has argued quite forcefully that we should affirm, because Mr. Parker simply did not meet his burden of proof in the trial court. While today we are unable to accept this argument, due primarily to existing case law, I would nonetheless suggest that the time may not be distant when a spouse, dissatisfied with an equitable distribution award in the face of a record containing no evidence to support the award desired by the dissatisfied spouse, will need to obtain satisfaction from a source other than the appellate court.
NOTES
[1] Appellate counsel for Mr. Parker, who has ably and successfully represented his client on appeal, was not involved in the trial of this case.