PER CURIAM.
The wife in a 27-year marriage appeals the final judgment of dissolution awarding her approximately 13 percent of the husband’s military retirement pension, which is the parties only marital asset. We reverse. The trial court based its computation upon the erroneous belief that the parties did not enjoy a valid marriage after 1970, when they began living separately. *418 Though the parties perhaps did not enjoy a model marriage, there is neither legal nor evidentiary support for the notion that the marriage was invalid after 1970. Moreover, in fashioning this division, the trial court erroneously ignored the evidence that the wife, except for one very brief period, was solely responsible for raising the parties’ two children. A party’s contributions to the care and support of minor children is a relevant consideration in the computation of both equitable distribution and alimony. §§ 61.075(l)(a) and 61.08(2)(f), Fla.Stat. (1991). Upon remand, the trial court’s attention is directed to the following cases from the Florida Supreme Court and this court. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991); Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991); and Zipperer v. Zipperer, 508 So.2d 551 (Fla. 1st DCA 1987).
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH, SMITH and MINER, JJ„ concur.