979 So.2d 1123 (2008)
Mary L. WOLF, Appellant,
v.
Robert G. WOLF, Appellee.
No. 2D06-5077.
District Court of Appeal of Florida, Second District.
April 11, 2008.
*1125 Mark A. Neumaier, Tampa, for Appellant.
Tarya A. Tribble of Tarya A. Tribble, P.A., Riverview, for Appellee.
VILLANTI, Judge.
Mary Wolf, the Wife, appeals from the final judgment of dissolution of her marriage to Robert Wolf, the Husband. The only issue before the trial court at the adjudicatory hearing was the equitable distribution of the parties' assets. We affirm in part and reverse in part.
During the parties' thirty-six-year marriage, they jointly acquired five properties: the marital residence, three rental properties, and a fractional share of a hunting cabin in Steinhatchee. The main task for the trial court at the adjudicatory hearing was to value and distribute both the properties themselves and the rental income the parties had received during the four years between the filing of the dissolution petition and the hearing. The parties put on evidence concerning the value of four of the properties, the amount of rental income received from all of the rental properties, and the use of that rental income during the previous four years. Ultimately, the final judgment of dissolution distributed four of the five properties and the rental income from one of the three rental properties. It omitted any mention of the fifth property and the rental income from the other two rental properties. The Wife argues that these omissions were error. On the record presented here, we agree in part.
Section 61.075(3), Florida Statutes (2003), requires the trial court to clearly identify and value all of the marital and nonmarital assets and liabilities and to determine entitlement to each marital asset and responsibility for each marital debt. It is reversible error for the trial court to fail to identify and distribute each marital asset and liability. See Roth v. Roth, 973 So.2d 580 (Fla. 2d DCA 2008); Italiano v. Italiano, 873 So.2d 558, 561 (Fla. 2d DCA 2004); Ritter v. Ritter, 690 So.2d 1372, 1375 (Fla. 2d DCA 1997). Therefore, when the trial court wholly fails to account for an asset about which the parties have presented evidence, appellate courts will generally remand for the trial court to value the asset and distribute it accordingly. Ritter, 690 So.2d at 1375; Robinson v. Robinson, 652 So.2d 466, 467 (Fla. 1st DCA 1995); Glover v. Glover, 601 So.2d 231, 234 (Fla. 1st DCA 1992).
However, when the parties fail to present evidence concerning the value of the assets and liabilities at issue, they effectively prevent the trial court from discharging its responsibilities under section 61.075(3). Glover, 601 So.2d at 232. Accordingly, when the parties fail to present any evidence concerning the value of a specific asset, the trial court is entitled to presume that that asset is not of significant value. In that case, the trial court does not err by failing to include that specific asset in its equitable distribution scheme. Nelson v. Nelson, 721 So.2d 388, 389 (Fla. 4th DCA 1998); Bomwell v. Bomwell, 676 So.2d 508, 510 (Fla. 4th DCA 1996).
Here, as the Wife correctly points out, the trial court failed to value and distribute the parties' fractional interest in the hunting cabin in Steinhatchee. However, this omission was not error because neither party presented any evidence at the hearing concerning its value. Thus, the trial court was legally entitled to presume that fractional interest in the hunting cabin was not a significant asset, and the trial court did not err by failing to include this asset in the equitable distribution scheme.
*1126 However, as the Wife also correctly points out, both parties presented evidence concerning the rental income received from the rental properties at Cedar Avenue and 8505 Nundy Avenue. In light of this evidence, the trial court should have valued that rental income and accounted for it in the equitable distribution scheme; however, the final judgment makes no mention of it. This omission constitutes reversible error.
In defense of the final judgment, the Husband argues that any error in omitting this rental income was harmless because the evidence showed that it was used to support the parties during the dissolution proceedings and thus was not available for distribution. However, if the trial court believed the Husband's testimony on this issue, it should have accounted for the rental income by making a factual finding concerning its use and unavailability. Because the trial court did not make such a finding, we must assume that this rental income was inadvertently omitted from the final judgment. Accordingly, we reverse the final judgment to the extent that it fails to account for this rental income, and we remand for the trial court to value it and either distribute the rental income or explain its reasons for not doing so.
The Wife raises several other issues concerning the propriety of the trial court's equitable distribution scheme, all of which we reject. However, we write to address what appears to be an issue of first impression concerning the interplay between a judgment awarding exclusive possession of a marital residence entered by a domestic violence court and a final judgment equitably distributing that same residence in a subsequent dissolution action.
The same day that the Wife filed her petition for dissolution of marriage, she also served the Husband with a petition for protection against domestic violence. After the return hearing on the domestic violence petition, the court entered a final judgment for protection against domestic violence in favor of the Wife. In pertinent part, that final judgment awarded the Wife exclusive possession of the marital residence.
At the subsequent adjudicatory hearing in the dissolution case, the Wife argued that the Husband was not entitled to credit for half of the rental value of the marital residence during the pendency of the dissolution proceedings because she had exclusive possession of that residence pursuant to the final judgment for protection against domestic violence. In making her argument, the Wife relied on Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991), and Goolsby v. Wiley, 547 So.2d 227, 230 (Fla. 4th DCA 1989), for the general rule that when one cotenant enjoys exclusive possession of the property by virtue of a court judgment, the other cotenant is not entitled to an award of rental value unless such an award is provided for by the judgment. The Wife argued that the silence of the final judgment for protection against domestic violence on the issue of rental value precluded such an award in the dissolution case. However, the Wife's argument improperly seeks to extend the general rule set forth by Kelly and Goolsby to an entirely different factual scenario.
In Goolsby, a final judgment of dissolution awarded exclusive possession of the marital home to the wife and provided for the eventual sale of the residence. 547 So.2d at 228. The final judgment required the wife to pay all the expenses of the marital home but was silent on the issue of rental value. Id. When the marital home was sold, the husband sought an award of half the rental value as an offset to the wife's claim for expenses. The trial court denied this claim. In affirming the denial *1127 of the husband's claim, the Fourth District reasoned:
In the present case the wife remained in exclusive possession by virtue of a specific provision to that effect in the final judgment of dissolution. An argument could be made that where a property settlement agreement or final judgment permits one tenant to have exclusive occupancy this operates as an eviction or constructive ouster of the other tenant, who should thereby have a claim for the fair rental value. We think that the scant authority and better reasoning support a contrary position. Where the parties have agreed that one should have exclusive possession and there is no provision in the agreement for rent, it seems inappropriate to subsequently engraft such a requirement on the contract made by the parties. By the same token, a judgment which awards exclusive possession to one party is based upon certain, known facts and if rent had been contemplated and thus placed in the balance, the court presumably would have said so.

Id. at 230 (emphasis added).
Similarly, in Kelly, the final judgment of dissolution awarded the wife exclusive possession of the marital residence while the parties' child was a minor. 583 So.2d at 667. After the child reached majority, the court entered a supplemental final judgment ordering that the property be sold and the proceeds divided. The wife sought credit for half of the expenses she incurred for the residence, and the husband sought an offset for half of its rental value. The trial court denied the wife's claim for credits, citing the husband's claim for rental value. The appellate court reversed, awarding the wife the credits she sought and denying the husband's claim for rental value. Id. at 668. On appeal, the supreme court affirmed the denial of the husband's claim for rental value, relying on Goolsby. Id. In doing so, the court stated:
The rights of an out-of-possession cotenant for credit for fair rental value depends on the circumstances. If such person is ousted by a court order following a marriage dissolution, and no reimbursement for rental value is provided in that judgment, it is assumed that the trial judge intended that there be none.
Id. (emphasis added).
As can be seen, the courts in Goolsby and Kelly both addressed situations in which a final judgment of dissolution awarded one party exclusive possession of the marital residence but was silent on the issue of rental value. In each instance, the court held that if the trial court had intended for the out-of-possession party to receive credit for rental value based on the facts known to the court when it entered the dissolution judgment, it would have provided for rental value in that judgment. Therefore, when a final judgment of dissolution is silent on the issue of rental value, the court will not read a provision for rental value into that judgment.[1]
In this case, however, the Wife is not relying on silence in a final judgment of dissolution to deny the Husband credit for half the rental value of the marital residence. Instead, she is relying on silence on the issue of rental value in a final judgment for protection against domestic violence. This factual distinction renders the Wife's reliance on Goolsby and Kelly *1128 improper because of the differences underlying these two types of final judgments.
In a final judgment of dissolution, the trial court is specifically addressing the disposition of the parties' assets and the financial consequences of that disposition. Thus, the rental value of property awarded exclusively to one party is an issue either explicitly or implicitly considered by the trial court, and silence on that issue supports the assumption that the trial court found an award of rental value improper. In a domestic violence proceeding, however, the issue of rental value is not necessarily before the court. Parties seeking a final judgment for protection against domestic violence may or may not be married, may or may not currently live together, and may or may not jointly own property. The trial court's focus at the hearing on the petition for protection against domestic violence is the safety and well-being of the parties involved, not the disposition of any property they may jointly own or the financial consequences of that disposition. Thus, the fact that a final judgment for protection against domestic violence is silent on the issue of rental value does not support an assumption that the domestic violence court considered the issue and implicitly found that no such award was proper. Because the Kelly and Goolsby decisions do not address exclusive possession pursuant to a final judgment for protection against domestic violence, these cases do not support the Wife's position in this appeal.
In addition, the statutes governing domestic violence injunctions and dissolution actions contradict the Wife's assertion that the final judgment for protection against domestic violence was dispositive of the issue of rental value in the subsequent dissolution proceeding. Section 741.30(1)(c), Florida Statutes (2003), which governs petitions for protection against domestic violence, specifically provides: "In the event a subsequent cause of action is filed under chapter 61, any orders entered therein shall take precedence over any inconsistent provisions of an injunction issued under this section which addresses matters governed by chapter 61." Thus, the legislature clearly contemplated that the dissolution court would be reconsidering certain issues, such as possession of real property, that had been preliminarily addressed by the domestic violence court, and it provided that the dissolution court's ruling would take precedence. Further, section 61.077, Florida Statutes (2003), states that a party to a dissolution action is precluded from receiving any credits or setoffs upon the sale of the marital home unless "the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts" provides for such setoffs or credits. Notably absent from this list is a final judgment for protection against domestic violence. These two statutes make it clear that a final judgment for protection against domestic violence does not determine the issue of rental value sub silentio or foreclose its later consideration by the dissolution court.
For these reasons, we decline the Wife's invitation to extend the rationale of Kelly and Goolsby to these facts. Instead, we hold that silence on the issue of rental value in a final judgment for protection against domestic violence that awards exclusive possession of a marital residence does not preclude an award of rental value in a future final judgment of dissolution of marriage. Only if the final judgment of dissolution is silent on the issue will a later award of rental value be prohibited.
Finally, as the supreme court pointed out in Kelly, the rights of an out-of-possession cotenant depend on all of the circumstances. 583 So.2d at 668. Here, the trial *1129 court in the dissolution action was well aware of the fact that the Wife had exclusive possession of the marital residence due to the final judgment for protection of domestic violence. Armed with this knowledge, the trial court found it equitable to award the Husband credit for half of the rental value of the marital residence during the Wife's period of exclusive possession. Accordingly, in the absence of some evidence that such a result was inequitable, this court cannot say that the trial court abused its discretion by awarding the Husband this credit.
In sum, we reverse the final judgment of dissolution insofar as it fails to value and distribute the rental income from the parties' properties at Cedar Avenue and 8505 Nundy Avenue, and we remand for further proceedings on that issue alone. In all other respects, we affirm the final judgment of dissolution.
Affirmed in part, reversed in part, and remanded for further proceedings.
NORTHCUTT, C.J., and SALCINES, J., Concur.
NOTES
[1] We note that to avoid the need to resort to case law in an effort to intuit a trial court's intent, it may be wise for a trial court to affirmatively state in the final judgment of dissolution that rental value was considered and no award was found to be warranted.