SALTER, J.
 

 These three consolidated cases were begun by foreign companies impleaded in a dissolution of marriage proceeding between one spouse in Florida and another in Taiwan. The legal issues involve a Florida circuit court’s ability to enjoin access to some $100 million on deposit in Florida bank accounts of bona fide international companies that are themselves owned in part by the non-resident spouse. We conclude that the trial court’s well-intentioned attempt to protect the Florida-based spouse’s rights to equitable distribution impermissibly violates the rights of the international companies; that the Florida spouse may pursue other legal remedies here and abroad; and that the injunction below must be vacated.
 

 Background
 

 Ming Tien and Paul Tien were married in Taiwan in 1952. In October 2006, Paul Tien commenced an action for dissolution of marriage against Ming Tien in Taiwan. A month later, Ming Tien commenced an action for dissolution of the marriage in the Miami-Dade circuit court. Although Ming Tien was not domiciled in Taiwan and did not appear in the Taiwan dissolution case, the court there entered a final judgment finding that she was duly served and dissolving the marriage in October 2008. Paul Tien appeared specially in the Florida dissolution case, and he moved to quash purported substitute service on him.
 
 [1]
 

 Beginning in approximately 1980, Paul Tien established a for-profit medical school in Montserrat called American University of the Caribbean (the University). The University, relocated to St. Maarten following a volcanic eruption in Montserrat in 1995, is now owned and operated by three foreign companies collectively referred to as “AUC:” American University of the Caribbean, a Cayman Islands company formed in 1982; American University of the Caribbean School of Medicine, a Cayman Islands company formed in 1999; and the American University of the Caribbean, N.V., a Netherlands Antilles company
 
 *58
 
 formed in 1996. A fourth company, Medical Education Information Office, Inc. (MEIO), is a Florida corporation formed to perform certain administrative services relating to the University. Paul Tien owns all or a majority of the stock of the three AUC entities, while the stock of MEIO is owned by the adult sons of the Tiens.
 

 The Tiens began living apart in the 1980’s — Paul Tien maintained homes in Montserrat and Taiwan, and Ming Tien lived in Miami. The University thrived, though the marriage did not. The AUC companies ultimately deposited tens of millions of dollars in bank accounts in Miami, but nearly $70 million in AUC funds were transferred by one of the Tiens’ sons without authorization to Miami bank accounts in the name of a Turks & Caicos Islands company. In 2004, these transactions came to light and the AUC entities demanded the return of those and other funds. At that point, the bank commenced an interpleader action in the U.S. District Court for the Southern District of Florida. The AUC entities, MEIO, the Tiens, and them two adult sons were all impleaded to assert their respective claims to the funds in the bank accounts. The federal court’s detailed findings of fact and conclusions of law are set forth in
 
 Wachovia Bank, N.A. v. Tien,
 
 534 F.Supp.2d 1267 (S.D.Fla.2007).
 

 While the federal interpleader action was underway, the bank accounts were placed under the control of a court-appointed receiver and thus effectively frozen. In November 2006, in the Florida dissolution of marriage case, Ming Tien moved for an ex parte injunction over the funds held by the federal receiver (then in excess of $96 million) to avoid alleged dissipation of marital assets. The circuit court granted the temporary injunction; a $25,000 bond was required and posted.
 

 In December 2007, following the federal court’s resolution of the interpleader action, AUC moved to vacate the state court injunction in the Florida dissolution case and requested an evidentiary hearing. After several resets, a hearing was set in March 2009. However, two weeks before the scheduled hearing the court denied the motion. AUC and MEIO filed the petition for a writ of mandamus here to compel the trial court to conduct an evidentiary hearing (Case No. 3D09-929). AUC also appealed the order denying the motion to vacate (Case No. 3D09-948).
 

 The court later conducted an evidentiary healing to determine the bond amount. AUC presented evidence of lost investment income caused by tying up the University’s funds. A CPA testified as to the value of AUC’s portion of the funds. AUC presented evidence of the adverse tax consequences of keeping the funds in the United States. There was testimony as to the receivership costs and bond premiums. The court increased the bond to $300,000, which Ming Tien then posted. AUC appealed this order as well (Case No. 3D09-2195). We consolidated all three cases for consideration.
 

 Analysis
 

 We reverse the trial court’s order denying the motion to vacate or modify the ex parte injunction. The record demonstrates that there was no immediate or irreparable injury that would have resulted without the entry of the ex parte injunction. Fla. R. Civ. P. 1.610(a)(1); Grand
 
 Condo. Ass’n v. Cohn,
 
 970 So.2d 365 (Fla. 3d DCA 2007). Secrecy and speed served no purpose as the funds were then under the control of the federal court-appointed receiver.
 

 Nor did Ming Tien’s motion or the trial court’s order denying AUC’s motion to vacate the injunction set out a sufficient factual or legal basis for the injunction. This record reflects that the funds being enjoined are corporate funds of AUC and
 
 *59
 
 MEIO. At best, Paul Tien’s stock in the offshore companies would be a marital asset subject to valuation and distribution in the Florida action. There has been no allegation to support any corporate veil piercing, or any basis for joining the AUC entities in the dissolution action.
 
 See Dania Jai-Alai Palace, Inc. v. Sykes,
 
 450 So.2d 1114 (Fla.1984).
 

 In
 
 Vargas v. Vargas,
 
 771 So.2d 594 (Fla. 3d DCA 2000), relied upon by Ming Tien, the plaintiffs alleged that their interest in certain “offshore, bearer corporate shares” had been converted, and that those shares could be used to convert or dissipate $4.4 million in bank accounts in the name of the offshore company. The injunction was appropriate because there was no finding that the offshore companies had any board or governance to preclude the holders of the bearer shares from helping themselves to the cash. Possession of the bearer shares was alleged to result from fraud or conversion. There are no such concerns in this case. The AUC entities are bona fide companies with a “stellar board of directors” and the University “offers unique worldwide services to medical students.”
 
 Wachovia Bank, N.A.,
 
 534 F.Supp.2d at 1288.
 
 [2]
 
 Ownership of the shares of the AUC companies resulted from Paul Tien’s work and the family’s tax planning, the federal court determined. The University has by now prepared many classes of students for the M.D. degree, and its tuition is eligible for U.S. Department of Education assistance. Ming Tien made no showing that an injunction against disposition of her spouse’s shares in AUC would be unenforceable,
 
 [3]
 
 or that Paul Tien had taken any step toward dissipation of AUC’s funds or assets.
 

 Wolf v. Wolf,
 
 979 So.2d 1123 (Fla. 2d DCA 2008), is the second case cited by the trial court in the order denying AUC’s motion to vacate the ex parte injunction. That ease merely affirms the trial court’s statutory duties to identify marital and non-marital assets (and liabilities) and to determine the individual valuation of significant assets. The case does not support the entry of an injunction to freeze the funds of a bona fide foreign corporation owned or controlled by one of the spouses.
 

 Injunction vacated; orders denying vacation of the injunction and setting bond reversed; petition for mandamus denied as moot.
 
 [4]
 

 [1]
 

 . After oral argument, the motion to quash was denied by the trial court, and Paul Tien appealed
 
 (Tien v. Tien,
 
 Case No. 3D09-3273, 2010 WL 204301). The parties immediately filed various pleadings suggesting that we should or should not consider that ruling, but that order and the latest appeal have no bearing on our consideration of these three consolidated cases.
 

 [2]
 

 . Ms. Tien was a party to the federal case and is bound by these findings. The federal court further recommended that the frozen funds be turned over to the AUC entities because the "enhancement of the medical school would only serve to increase the value of the stock from which Ming Tien may be entitled to an equitable distribution under Florida law.”
 
 Wachovia Bank, N.A.,
 
 534 F.Supp.2d at 1288.
 

 [3]
 

 . A Florida injunction precluding Paul Tien from disposing of his shares in the AUC entities would ordinarily be recognized and enforced by the courts of the foreign jurisdictions involved here. The bond amount set by a Florida court for such an injunction would surely be less than the bond for potential loss occasioned by freezing the funds of a fully-functional and historically-profitable medical school. We do not suggest, however, that Ming Tien is entitled to an injunction precluding Paul Tien from transferring or encumbering his shares in the AUC entities, or prohibiting the AUC entities from distributing any funds or property to Paul Tien. Any such relief would naturally be dependent upon Ming Tien’s subsequent motion and the evidence.
 

 [4]
 

 .Our reversal of the order denying the motion to vacate the injunction makes it unnecessary that we consider in detail the appeal from the order increasing the bond amount, Case No. 3D09-2195. However, there is no
 
 *60
 
 question that the $300,000 bond was insufficient.
 
 Vargas v. Vargas,
 
 771 So.2d 594, 596 (Fla. 3d DCA 2000) (holding that bond is insufficient because it does not cover "parties’ costs and damages if the injunction is wrongfully issued”);
 
 Braswell v. Braswell,
 
 881 So.2d 1193 (Fla. 3d DCA 2004) (same).