PER CURIAM.
Chad R. VanEtten seeks review of certain aspects of a final judgment dissolving his marriage to Nina C. VanEtten. He argues that the trial court erred in failing to distribute the parties’ marital assets and liabilities equally. Because the trial court failed to explain the unequal distribution, we agree. We find no reversible error as to the remaining issues. Accordingly, we reverse as to the equitable distribution scheme, remand for reconsideration of that portion of the final judgment, and affirm in all other respects.
When distributing the parties’ marital assets and liabilities in an action for dissolution of marriage, the trial court “must begin with the premise that the distribution should be equal.” § 61.075(1), Fla. Stat. (2009). An unequal distribution is permissible if the trial court determines, based on all relevant factors, that such a distribution is justified. Id. Section 61.075(1) lists ten factors that must be considered when making an unequal distribution, and this Court has held that an unequal distribution must be accompanied by findings explaining the decision. Maddox v. Maddox, 750 So.2d 693, 694 (Fla. 1st DCA 2000); see also § 61.075(3)(d) (requiring the trial court, in establishing an equitable distribution scheme, to make “[a]ny other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities”). Further, as to each asset or liability at issue, the trial court is ordinarily required to assign a value, identify whether the *237 asset or liability is marital or nonmarital, and determine which spouse will be entitled to retain ownership or required to assume responsibility. § 61.075(3); Wolf v. Wolf, 979 So.2d 1123, 1125 (Fla. 2d DCA 2008). However, a trial court’s ability to do so “is only as good as the evidence offered.” Jones v. Jones, 51 So.3d 547, 550 (Fla. 1st DCA 2010). When the parties fail to provide evidence concerning the value of a specific asset, “the trial court is entitled to presume that asset is not of significant value.” Wolf, 979 So.2d at 1125.
The trial court did not establish a value for any of the parties’ assets other than the former husband’s Thrift Savings Plan, which it evenly divided. Although the trial court established values for the parties’ marital liabilities, it did not evenly distribute those liabilities. Because the parties failed to present any clear evidence concerning the value of their assets other than the Thrift Savings Plan, we find no error in the trial court’s decision not to assign values to those assets and cannot say that the distribution of marital assets was unequal in itself. However, the unequal assignment of the parties’ marital liabilities renders the entire distribution scheme out of balance. Because the trial court did not explain the basis for the unequal distribution, we must reverse and remand for the trial court either to equally divide the parties’ marital assets and liabilities or to provide findings justifying the unequal distribution. In all other respects, the final judgment is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
DAVIS, THOMAS, and RAY, JJ„ concur.