Per Curiam.
Richard Fiscina (the Husband) appeals the trial court’s amended final judgment of dissolution of his marriage to Darlene Fis-cina (the Wife). We affirm without comment on all issues raised, save one. The trial court erred by failing to include the *1010 Husband’s loan on the boat and trailer in its equitable distribution scheme.
The Husband’s expert testified that Husband owed $21,167 on the boat and trailer. The Wife also conceded that there was a loan. Moreover, in their proposed equitable distribution schemes, both parties included the loan and valued the debt at $21,167. However, in the trial court’s equitable distribution scheme, the loan is not included.
Therefore, we reverse and remand for the trial court to include the Husband’s loan on the boat and trailer when equitably distributing the parties’ assets and liabilities. See Wolf v. Wolf, 979 So.2d 1128, 1125 (Fla. 2d DCA 2008) (“It is reversible error for the trial court to fail to identify and distribute each marital asset and liability.”).

Affirmed in part, Reversed in part, and Remanded.

May, Klingensmith and Kuntz, JJ., concur.